[No. 14233.  Department Two.  January 31, 1918.]

# B. A. CLARK et al., Appellants, v. D. B. FOTHERINGHAM, Respondent.[1]

MUNICIPAL CORPORATIONS — USE OF STREETS — COLLISIONS — ORDI-
NANCES—LAW OF ROAD.  An automobile driver going east or west
and who turns to the north or south in a street intersection, is not
entitled to the full protection of an ordinance giving vehicles going
north and south a right of way, if the facts show that he turned in
such close proximity to a car approaching from the east or west
as to run into it.

SAME.  An ordinance giving a right of way to traffic in one di-
rection will not protect a driver of an automobile where he changes
his course at a street intersection which is occupied by another
machine in such close proximity that a collision is likely to follow;
and in such a case, the obligation on the part of the drivers is
mutual and to be resolved under the general law of negligence.

APPEAL—REVIEW—FINDINGS.  Where a case is brought up on the
findings alone, the respondent is entitled to the most favorable in-
ferences that can be drawn from them.

Appeal from a judgment of the superior court for
Spokane county, Huneke, J., entered February 17,
1917, upon findings in favor of the defendant, dis-
missing an action for damages sustained through an
automobile collision, tried to the court.  Affirmed.

*McWilliams, Weller & Brown,* for appellants.

*H. E. T. Herman* and *Graves, Kizer & Graves,* for
respondent.

CHADWICK, J.—This case was tried to the court
without a jury.  The court made findings as follows:

"(2)  That, on September 13, 1916, plaintiffs were
in their automobile proceeding west on Sprague ave-
nue in the city of Spokane, Washington; that, when
they came to the intersection of Sherman street with
Sprague avenue, plaintiff B. A. Clark signalled by

[1]Reported in 170 Pac. 323.

holding out his arm, that he intended to turn south at said intersection.

"(3)    That at the time said plaintiff B. A. Clark signalled for the turn and started said turn, defendant's automobile was within half block coming east on the south side of Sprague avenue, and being operated at a speed of from twelve to fifteen miles per hour.

"(4)    That plaintiff B. A. Clark failed to observe the approach of defendant's automobile, although the same was in plain view, as he started to turn south at the intersection of Sprague avenue and Sherman street, as aforesaid; that defendant continued to run his automobile at a high rate of speed without slackening the speed thereof, until it passed in front of and was struck by plaintiff's automobile.

"(5)    That there was in force and effect on the said 13th day of September, 1916, an ordinance of the city of Spokane, No. C 1832, and entitled 'An ordinance providing for the regulation of traffic on streets, avenues, alleys, highways, bridges, and sidewalks in the city of Spokane, providing penalties for the violation thereof, and declaring an emergency,' which ordinance was passed March 20, 1915; that section eight of said ordinance provides as follows, to wit:

" 'Vehicles going in a northerly or southerly direction shall have the right of way, except where traffic officers are stationed,' and that there is no traffic officer stationed at said intersection of Sprague avenue and Sherman street.''

The court concluded, as a matter of law, that it was the duty of the plaintiff B. A. Clark, the driver of plaintiffs' machine, to observe the approach of defendant's automobile when he started to turn south from Sprague avenue in Sherman street; that the defendant was negligent in the operation of his automobile; and that neither party was entitled to recover against the other. The case is brought here without a statement of facts, and the only question is whether the findings sustain the judgment of the court.

As we have frequently said, negligence is a relative term and is to be determined by reference to the facts of the particular case. While it is true that plaintiffs had a right of way if going to the north, it is also true that their general course was to the west. Plaintiffs, with their automobile, must have been about the intersecting street east of Sherman street, and the defendant, with his automobile, must have been about the intersecting street west of Sherman street at the same time. The general course of the two machines was, the one east, and the other west.

Respondent was not going at an unlawful rate of speed. The plaintiffs' machine was turned from its course at the intersection of the street, and, as the court finds, it ran into defendant's machine. Although the court holds that defendant was guilty of negligence in running his machine at a high rate of speed, this is hardly consistent with the finding of the court that he was operating his machine at a speed from twelve to fifteen miles an hour.

It may be laid down as a broad proposition that a machine going north or south, where an ordinance so provides, has a right of way. But it does not follow that one who changes his course at the intersection of a street is entitled to the full protection of the rule, for he is bound to exercise a greater degree of care to avoid colliding with machines that are on the street and going east and west. Nor does it follow that he has a right of way if the way is occupied by another machine, or if such other machine is in such close proximity that it could not be stopped before it would arrive at the point of contact. In that case the machine having a right of way, under ordinary conditions, would have to yield the right and avoid a collision.

The fact that plaintiffs ran into defendant's machine shows that, at the time plaintiffs turned to the south, defendant's machine was so close that there was a duty on plaintiffs, equal at least to that which the law would put upon the defendant, of avoiding the accident. It may be said that our view of the case is more favorable to the defendant than that of the trial judge, but the result is the same. Whether the negligence was equal or concurring in time, or whether plaintiffs were guilty of contributory negligence continuing up to the moment of the accident can make no difference, they cannot recover.

Where a case is brought to this court upon the findings alone, a respondent is entitled to the most favorable inferences that can be drawn from them. This is no more than to say that a presumption of regularity and of sufficient facts to sustain the judgment of the court attends it.

Cases are cited by counsel for appellants as controlling, but these cases were all decided upon the testimony and with reference to the facts in each particular case.

We cannot say that the findings do not support the judgment, and it is affirmed.

ELLIS, C. J., MOUNT, MORRIS, and HOLCOMB, JJ., concur.