[L. A. No. 7269. In Bank.—November 27, 1923.]

L. W. DONAT, Respondent, v. H. T. DILLON, Appellant.

[1] NEGLIGENCE—PROXIMATE CAUSE OF INJURIES—SUFFICIENCY OF EVIDENCE.—In this action for damages for personal injuries resulting from a collision of automobiles, it is held that the evidence was sufficient to establish the fact of negligence upon defendant's part, and that such negligence was the proximate cause of plaintiff's injuries.

[2] ID.—GUEST IN AUTOMOBILE—CONTRIBUTORY NEGLIGENCE OF DRIVER. The negligence of the driver of an automobile in driving at an excessive speed is not imputable to a guest in the automobile, and if the negligence of the driver of another machine is the proximate cause of an accident between the two, the guest can recover notwithstanding the contributory negligence of the driver of the car in which the guest is riding.

[3] ID.—QUESTION OF FACT.—The general rule is that negligence is a question of fact.

[4] ID.—CARE—PRESUMPTIONS.—A motorist must at all times use due care to avoid colliding with another; he must be ever alert and watchful, so as not to place himself in danger, and while he may assume that others will exercise due care, he cannot for that reason omit any of the care which the law demands of him.

[5] ID.—TURNING AT INTERSECTION OF STREETS.—Although a person turning his automobile at the intersection of two streets may have

5. Liability for collision between automobiles or an automobile and another vehicle at or near corner of streets or highways, note, L. R. A. 1916A, 745.

Right of way at street or highway intersections, note, 21 A. L. R. 974.

the right of way, he is required to proceed across the intersection in a careful and prudent manner, ever watchful of the direction in which danger is most likely to be apprehended, and where he observes an automobile approaching at an excessive rate of speed, he is no longer entitled to rely upon the presumption that the driver will comply with the rules of the road, and he is bound to take such reasonable measures as he can under the circumstances to prevent injury.

APPEAL from a judgment of the Superior Court of Kern County. T. N. Harvey, Judge. Affirmed.

The facts are stated in the opinion of the court.

Emmons, Aldrich & Heck and J. K. Lilly for Appellant.

Kaye & Siemon for Respondent.

KERRIGAN, J.—This is an appeal by defendant from a judgment entered against him for $1,401.90, in an action brought by plaintiff to recover damages for personal injuries caused by a collision between an automobile driven by the defendant and another automobile in which the plaintiff was riding as the guest of one H. C. Riddle.

The facts of the case, as shown by the findings, which are supported by the evidence, are as follows: Plaintiff was riding as a guest of Riddle, who was driving his automobile in a southerly direction on the westerly side of Chester Avenue, in the city of Bakersfield. The defendant was driving in a northerly direction on the same avenue, and both were approaching its intersection with Twenty-fourth Street. On arriving at this point the defendant undertook to make a left turn in order to proceed westerly on Twenty-fourth Street. Before turning he extended his left hand in a horizontal direction outwardly from the left side of his car, thereby giving the proper signal of his intention to make the change of course mentioned. He thereupon ran beyond the center of the intersection and, proceeding at a slow rate of speed, completed the turn. His automobile had just cleared the car tracks on Chester Avenue when it collided with that of the plaintiff. The defendant, as he testified, first observed the car driven by Riddle approaching from the north as he was "just ready to make the left hand turn." At this time Riddle's machine was about 100 feet

north of the intersection, and was approaching said inter-
section at an excessive and unlawful rate of speed, exceed-
ing thirty miles per hour. The defendant did not again
observe the oncoming automobile until it was in such a' posi-
tion that a collision was inevitable.

The trial court, in addition to a finding substantially to
the foregoing effect, found that "the said defendant so care-
lessly and negligently operated and drove his said automo-
bile that he caused the same to divert from the easterly side
of said avenue to the westerly side thereof and to enter the
path of the automobile being driven by the said Riddle in
such manner as to collide with great force and violence
against the left side of the automobile being driven by the
said Riddle, and thereby caused the same to overturn."
The court further found that defendant negligently at-
tempted to make said turn "without first seeing that there
was sufficient space for such movement to be made in
safety," in this, that when about to commence making the
turn, the defendant observed the approach of the Riddle car,
which at that moment was a distance of approximately 100 feet
north of the northerly boundary of Twenty-fourth Street,
"but that the said defendant failed at said time to observe
the speed at which the said car being driven by Riddle was
approaching, and further failed to observe the movement
of the said car being driven by Riddle, and did not again
see said car until his own car was about to collide against
the left side of the automobile so being driven by the said
Riddle."

[1] The principal contention of defendant upon this
appeal is that the evidence is not sufficient to establish the
fact of negligence upon his part, or to prove that such
negligence was the proximate cause of plaintiff's injuries.
[2] It was conceded at the trial that the negligence of
Riddle in driving at an excessive rate of speed was not im-
putable to the plaintiff, so that if defendant's negligence was
the proximate cause of the accident, plaintiff could recover
notwithstanding the contributory negligence of. Riddle.

[3] As we see it, this case falls within the general rule
that negligence is a question of fact for the trial court or
jury. Here it was peculiarly a question for the court try-
ing the cause to decide as a matter of fact whether or not
the defendant was negligent in executing this left turn in

the manner in which he did. The defendant seeks to take
the case out of the operation of this rule, and would, in
effect, have us decide as a matter of law that one having
reached the intersection and having given the signal indi-
cating his intention to turn has then relieved himself of all
further care in the matter. But it is obvious that such is
not the law. [4] A motorist must at all times use due
care to avoid colliding with another; he must be ever alert
and watchful, so as not to place himself in danger, and
while he may assume that others will exercise due care, he
cannot for that reason omit any of the care which the law
demands of him. [5] Assuming, therefore, that the de-
fendant had the right of way, he was required to proceed
across the intersection in a careful and prudent manner,
ever watchful of the direction in which danger was most
likely to be apprehended. He could not close his eyes so
far as south-bound traffic on Chester Avenue was concerned.
To the contrary, having observed Riddle's car approaching
at an exceedingly fast rate of speed for that vicinity, the
defendant was no longer entitled to rely upon the presump-
tion that the driver of this machine would comply with the
rules of the road, and he was bound to take such reasonable
measures as he could, under the circumstances, to prevent
the injury. It was, therefore, a question for the trial court
to determine upon all the evidence and the reasonable de-
ductions therefrom whether the defendant, after having seen
the approaching machine, continued to exercise the care and
prudence which a reasonable man would have exercised
under the circumstances. And as we cannot say that the
trial court reached an unreasonable conclusion, we are bound
by its finding of the ultimate fact which determined the
proximate cause of plaintiff's injury.

Furthermore, there is nothing in the provisions of the
Motor Vehicle Act which specifically gave the defendant the
right of way under the circumstances of this case. Sub-
division (n) of section 20 of this act provides that, ''The
person in charge of any vehicle in or upon any public high-
way, before turning, stopping, or changing the course of
such vehicle, and before turning such vehicle when starting
the same, shall see first that there is sufficient space for such
movement to be made in safety, and if the movement or
operation of other vehicles may reasonably be affected by

such turning, stopping or changing of course, shall give plainly visible signal to the persons operating, driving, or in charge of such vehicles of his intention so to turn, stop, or change his course. . . . '' (Stats. 1919, pp. 191, 216.) And in subdivision (f) of the same section it provided that, ''Excepting where controlled by such traffic ordinances or regulations as are permitted under this act the operator of a vehicle shall yield the right of way at the intersection of their paths to a vehicle approaching from the right unless such vehicle approaching from the right is further from the point of intersection of their paths than such first named vehicle.'' Although a machine first reaching the intersection may have the right of way, it does not follow that one who changes his course at the intersection of a street is entitled to the full protection of this rule, for common sense tells us that he is bound to exercise great care to avoid colliding with machines that are on the street and across whose path he must travel. (*Clark* v. *Fotheringham,* 100 Wash. 12 [170 Pac. 323].) It seems to us that this was what the legislature had in mind when it provided that a vehicle, before starting to turn, ''shall see first that there is sufficient space for such movement to be made in safety,'' so that the practical effect of this provision is to cast upon motorists intending to turn the duty of exercising greater care than is ordinarily required of them.

In accordance with the above expressed views, we are of the opinion that the judgment of the trial court was proper, and should be, and is hereby, affirmed.

Lawlor, J., Richards, J., *pro tem.,* Seawell, J., Myers, J., and Wilbur, C. J., concurred.