[No. 21910. Department Two. June 13, 1929.]

JAMES F. SMITH, *Respondent*, v. LOVELAND MUTUAL COMPANY, *Appellant*.[1]

*G. E. Peterson* and *W. G. Palmer*, for appellant.

*Chas. Bedford* and *James Garvey*, for respondent.

MILLARD, J.—This is an action on a promissory note. Trial to the court, without a jury, resulted in findings and judgment against the defendant, who has appealed.

[1] Reported in 278 Pac. 675.

There is no statement of facts in the record brought before us. The facts to be considered are all embodied in the trial court's findings, and may be summarized as follows:

Appellant, a non-profit corporation, authorized by the unanimous vote of its trustees at a regularly called meeting, borrowed from the respondent one thousand dollars, and issued to the respondent its promissory note therefor, payable within twelve months. The money borrowed was expended by the appellant "in paying for the wire necessary to build their lines in order that they might get started in business." The appellant paid interest for two years on the note. The face of the note and interest for more than one year are now due. The court also found, the parties having stipulated that the court should fix the amount, that one hundred and fifty dollars was a reasonable attorney's fee. Conclusions and judgment followed accordingly.

Appellant contends, that, not being authorized by its charter or by-laws to borrow money, the execution of the note was *ultra vires* and void, and that respondent should have alleged and proved the adoption of a by-law authorizing the trustees to borrow the money and execute the note.

If the complaint was defective, the defect was capable of cure by amendment. The complaint, on its face, does not disclose a want of a cause of action. No statement of facts is before us; therefore we must assume the cause was tried as if upon a sufficient complaint. We will consider all amendments as made that could have been made (Rem. Comp. Stat., § 1752).

The only question presented, in the absence of the statement of facts, is whether the findings support the judgment. The finding that appellant was authorized by the unanimous vote of its trustees, at a

regularly called meeting, to borrow money and execute the note, suggests, contrary to the contention of appellant, that by-laws empowering the trustees to act were adopted as prescribed by the statute.

"Before transacting any business or acquiring any property the members of the corporation must meet and adopt by-laws . . . The corporation may by its by-laws provide for the time, place and manner of calling and conducting its meetings, the number of trustees . . . the power and authority of the trustees, . . ." Rem. Comp. Stat., § 3893.

"Corporations formed under this chapter . . . may enter into any lawful contracts and incur obligations essential to the transaction of its affairs for the purpose for which it was formed, may borrow money and issue notes, bills or evidence of indebtedness, and may mortgage its property to secure the same as its by-laws may provide, and, generally, may do all things necessary or proper to carry out the purpose of its creation." Rem. Comp. Stat., § 3894.

We assume, following the general rule stated in *Clark v. Fotheringham*, 100 Wash. 12, 170 Pac. 323, that appellant acted within its corporate powers:

"Where a case is brought to this court upon the findings alone, a respondent is entitled to the most favorable inferences that can be drawn from them. This is no more than to say that a presumption of regularity and of sufficient facts to sustain the judgment of the court attends it."

The findings clearly supporting the judgment, which is the only question we are at liberty to review in this case, the judgment is affirmed.

TOLMAN, FRENCH, MAIN, and PARKER, JJ., concur.