[Civ. No. 6972. First Appellate District, Division Two.—April 19, 1930.]

VERA EKWALL, Respondent, v. LOS ANGELES HAT COMPANY, etc., et al., Appellants.

Hadsell, Sweet & Ingalls and Snook & Snook & Chase for Appellants.

Ford & Johnson and Fletcher A. Cutler for Respondent.

NOURSE, P. J.—Plaintiff sued for damages for personal injuries arising out of an automobile accident. The cause was tried before a jury, which returned a verdict in the sum of $18,000. From the judgment on the verdict the defendants appeal upon typewritten transcripts.

The complaint alleged that the injuries were due to the negligence of the defendant Marks, who was at the time of the collision a salesman in the employ of the Los Angeles Hat Company. An answer was filed, verified by the defendant Marks, in which this allegation was not denied. On the morning of the trial the defendants, having procured new counsel to represent them, moved the court for leave to amend the answer for the purpose of denying this allegation. The motion for leave to amend was denied and the cause went to trial before the jury on the original pleadings. The claim of the Los Angeles Hat Company was that, although the defendant Marks was a salesman in its employ, he was also engaged by two other concerns, and that at the time of the collision he was in the course of his employment with one of these others. On this theory the defendant Los Angeles Hat Company sought the privilege to urge in its defense that the defendant Marks was not in the course

of his employment with the Hat Company at the time of the accident, and that the Hat Company was not, therefore, responsible for plaintiff's injuries. Offers to prove this theory were denied because of the admissions in the pleading. Denial of the request for leave to amend in this particular is assigned as error on this appeal. In answer to the point the respondents cite numerous authorities holding that the application for leave to amend is addressed to the sound discretion of the trial court and that the exercise of this discretion should not be interfered with by the court on appeal. The appellants do not quarrel with the rule of the cases cited, but insist that under the peculiar facts of this case the denial for leave to amend was an abuse of discretion and that the cause should be reversed upon that ground. The question of when judicial discretion has been properly exercised is a difficult one to determine because ordinarily it depends entirely upon a difference of opinion of the individual who is called upon to determine it. The fact that the original answer herein was verified by the defendant Marks, rather than by an officer of the Hat Company, and that the facts upon which the proposed amendment was based were not known to the Hat Company at the time the answer was verified present a different state of facts from those involved in any of the cases cited and would seem to have warranted a greater leniency on the part of the trial judge when the application for leave to amend was made. However, as the judgment must be reversed upon another ground, it is not necessary to determine this point, as the amendment will be allowed prior to the new trial.

The facts of the case are practically without conflict. The plaintiff was riding with her husband, Arthur Ekwall, going northerly on Telegraph Avenue in the city of Oakland. The defendant Marks was driving southerly upon the same avenue. Plaintiff's husband signaled for a left-hand turn when he approached Apgar Street. After he had turned to the left in the middle of Telegraph Avenue and had proceeded over the car tracks running north and south on that avenue he came to a stop to allow other cars bound south on Telegraph Avenue to pass him. After three such cars bound south had passed him he started ahead and was struck by the Marks car before he had proceeded more than

six or eight feet. He had witnessed this defendant's car approaching at a point about 150 feet north from the intersection. He noticed it again when at a point about 50 or 75 feet from the intersection and saw that it was then going at a rate of 35 miles an hour. At this time defendant's car was traveling alongside of another car—on the east side of that car and closer to the street-car rails than to the curb. With these two cars approaching in this order, the defendant's car traveling at a speed of 35 miles an hour and close to the street-car rails, the plaintiff's husband put his machine in low gear and started to cross the path of this approaching traffic.

Upon this state of the evidence the appellants insist that we should hold that the respondent was guilty of contributory negligence as a matter of law arising out of negligence of her husband, with whom she was riding. It is conceded, as it must be, that if the respondent's husband was guilty of contributory negligence such negligence must be imputed to her. ■ But when it comes to determining whether a particular state of facts constitute contributory negligence as a matter of law we are confronted with the rule "the question of contributory negligence is one of fact for the jury to solve under proper instruction, and not one of law, save in those cases in which, judged in the light of common knowledge and experience, there is a standard of prudence to which all persons similarly situated must conform." (*Williams* v. *Pacific Elec. Ry. Co.*, 177 Cal. 235, 237, 238 [170 Pac. 423].) As was said in *Swartz* v. *Acme Express & Drayage Co.*, 102 Cal. App. 615 [283 Pac. 658], "in the absence of some rule of conduct which is established by statute, by judicial decision, or by established custom or practice, we cannot say that any particular method employed to avoid injury is negligence as a matter of law because it is not the method that we would have used under the same circumstances."

■ In the case before us the rule of conduct prescribed by statute is found in section 130 of the Motor Vehicle Act (Stats. 1923, p. 558) and reads: "The driver of any vehicle upon a public highway before starting, turning or stopping such vehicle shall first see that such movement can be made in safety, and if it cannot be made in safety, shall wait until it can be made in safety . . ." It would

seem to be evident that when any driver, while making a left-hand turn, comes into collision with another car proceeding along the line of traffic which he attempts to intersect he did not "first *see* that such movement" could have been made in safety. Here we have a statutory rule of conduct to which all motorists similarly situated must conform, and which casts upon the motorists "the duty of exercising greater care than is ordinarily required of them." (*Donat* v. *Dillon*, 192 Cal. 426, 430 [221 Pac. 193, 195].) But we have not been cited any statute or rule of decision which determines what is a breach of this duty under any state of facts. However, if the argument of respondent is sound— that the issue of contributory negligence in this case is one of fact for the jury—it is patent that, because of the error in the instruction hereafter referred to, the jury did not have that issue properly before it for determination.

The error in this instruction, number 46, is such that the cause must be reversed for a new trial. Therein the trial court instructed the jury that if the automobile of the respondent entered the northwesterly quarter of the intersection before the vehicle of defendant Marks had entered the intersection, then the respondents "would be entitled to the right of way to *cross Telegraph avenue* ahead of any vehicle coming from the north which had not at that time entered the intersection." The effect of this instruction was to advise the jury that any motor vehicle entering an intersection had the right of way to cross through that intersection making a complete left-hand turn (and even what is called a "U" turn) ahead of any other machine which had not previously entered the intersection at any other point. That is not the law, as was clearly pointed out by the Supreme Court in *Donat* v. *Dillon, supra.* The facts in that case were very similar to the facts here excepting that the party claiming a continuous right of way was the defendant in the action. In dismissing this claim the Supreme Court said: "Although a machine first reaching the intersection may have the right of way, it does not follow that one who changes his course at the intersection of a street is entitled to the full protection of this rule, for common sense tells us that he is bound to exercise great care to avoid colliding with machines that are on the street and across whose path he must travel. (*Clark* v. *Fothering-*

*ham,* 100 Wash. 12 [170 Pac. 323].)   It seems to us that this was what the legislature had in mind when it provided that a vehicle, before starting to turn, 'shall see first that there is sufficient space for such movement to be made in safety,' so that the practical effect· of this provision is to cast upon motorists intending to turn the duty of exercising greater care than is ordinarily required of them.''

The only defense to the instruction made by the respondent on this appeal is that it must be read in connection with all other instructions.   This, of course, is a general rule of practice, but in this particular case the reading of this instruction with the others merely emphasizes the vice of the instruction complained of.   In instruction number 45 the jury was advised that if the respondent's husband failed to ascertain that the left turn could be made in safety or neglected to give the requisite hand signal that this constituted negligence as matter of law.   This instruction was immediately followed by number 46, which is the one complained of.   Taking these two instructions together, the jury could not escape the conclusion that if the respondent's husband approached the northwest corner of the intersection before appellants' car reached the corresponding corner, then respondent's husband had a clear right of way to proceed through that intersection turning to the left and crossing Telegraph Avenue, and that this legal right was in itself sufficient to satisfy him that the left turn could be made in safety within the meaning of instruction number 45.

Judgment reversed.

Sturtevant, J., and Dooling, J., *pro tem.,* concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 19, 1930, and a petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 16, 1930.