[Civ. No. 7380. First Appellate District, Division Two.—November 7, 1930.]

NORA ACKERMAN, as Guardian, etc., Appellant, v. S. M. GRIGGS et al., Respondents.

Edwin H. Williams and Chester Monette for Appellant.

Donahue, Hynes & Hamlin for Respondents.

NOURSE, P. J.—Plaintiff, a minor, sued through her guardian for personal injuries received when a motor vehicle, driven by her father and in which she was riding as a passenger collided with a motor vehicle driven by defendants. The cause was tried with a jury, which returned a verdict for defendants. The plaintiff appeals on typewritten transcripts.

Plaintiff was riding east on the main highway from Oakland to San Jose. Defendants were driving north on the Dumbarton Road. As defendants approached this highway at Machedo Corners they stopped for traffic to pass. They then started in low gear into the southerly half of the highway with the purpose of turning to the left and into the highway in the direction of Oakland. As defendants thus entered the highway they observed plaintiff's car approach-

ing from the left at a distance of two hundred feet. Because of the west-bound traffic on the highway the defendants were unable to complete the turn immediately and thus blocked the southern half—their machine standing directly across the plaintiff's line of traffic. While in this position the plaintiff's father applied the brakes to his car, swerved off the paved portion of the highway and "skidded" into the rear of the defendants' car, causing the injuries to the minor child. The evidence disclosed that when plaintiff's father applied the brakes to his machine "skid" marks were made upon the highway for nearly one hundred feet.

The cause was tried on plaintiff's theory that the defendants were negligent in driving into the southern portion of the highway and stopping before crossing or turning into the northern half. The case was defended on the theory that the defendants were without negligence—that they did just as an ordinarily prudent man would have done under the same circumstances. It must be conceded that the evidence unmistakably supports the jury's verdict for the defendants, and that the sole and proximate cause of the accident was the negligent and reckless driving of plaintiff's father. Under such circumstances the judgment must be affirmed unless the errors assigned are found to be prejudicial.

 Appellant first complains of the action of the trial court in refusing to give the proposed instruction found on page 246 of the typewritten transcript. There was no error as the proposed instruction was one on the facts which were not supported by any evidence. The uncontradicted evidence was that when respondents entered the highway appellant's car was so far away that an accident could not have happened unless it was driven with reckless disregard of the rights of others.

 Complaint is made of the giving of the commonplace instruction that the law presumes that the respondents acted as reasonable and prudent persons in the operation of their machine. The instruction was correct and the authorities are so numerous that our only difficulty is to choose what to cite. (*Olsen* v. *Standard Oil Co.*, 188 Cal. 20, 25 [204 Pac. 393].)

 Error is assigned in the giving of an instruction on the respective rights of way of the two drivers. The in-

struction followed the terms of the statute strictly and is free from objection as far as it went. That the court did not cover other elements in the relations of the parties at the time is not an objection to be made to this instruction. If the plaintiff had desired additional instructions covering the matters of stopping and turning while in the intersection she .could have requested them. There is no similarity in this case to *Ekwall* v. *Los Angeles Hat Co.*, 105 Cal. App. 300 [287 Pac. 545], where the plaintiff, after entering an intersection, made a left turn across the traffic approaching him on his right. The same may be said of *Donat* v. *Dillon*, 192 Cal. 426 [221 Pac. 193], where the left-hand turn was directly across right-hand traffic and was the direct proximate cause of the collision. Here the respondents entered the intersection when the appellant was approaching on his left at a distance of two hundred feet, and he paused to permit the right-hand traffic to pass so that he could proceed in that direction. It is plain from the evidence that his intention to make a left-hand turn had no possible connection with the collision. If a driver under such circumstances cannot claim the right of way to either cross the highway or to turn into it then it would be difficult to conceive of a case where such right would exist.

 The appellant complains of the refusal of the trial judge to give her proposed instruction that the minor child was not responsible for the negligence of the parents. It is now argued that this proposed instruction was meant to inform the jury that, if they found that the accident was caused by the contributory negligence of the father in his operation of his machine, that fact would not bar recovery on the part of the minor suing in her own right. If this was what was meant we are at a loss to understand why the proposed instruction should be so involved. If the respondents had pleaded contributory negligence as a defense, or if that issue had been raised in any manner, an instruction that it would not bar recovery by the minor under those circumstances would have been proper. But the issue was not raised, hence the proposed instruction would have been foreign to the issues before the jury.

Further criticism is directed to the action of the trial judge in reading to the jury portions of the complaint and

answer and in instructing them that the burden was on the pleader to prove these allegations. ▉ There was no error in the instructions as they appear in the record, but the appellant insists that the trial judge in this connection read a portion of her complaint alleging that "said carelessness and negligence of said defendants was the sole and proximate cause of the collision", etc. The record shows that this portion was not read to the jury and the appellant now moves for a diminution of the record to include it. A similar motion was made in the court below, and, after a full hearing in which the notes of the court reporter were referred to, the motion was denied. The appellant presents no reason why her motion should be granted other than the recollection of her counsel as opposed to that of the trial judge and the court reporter's notes.

▉ Similar criticism is directed to the refusal of the trial judge to permit appellant's counsel to continue his argument to the jury beyond the one hour set aside for him. This is a matter wholly within the discretion of the trial judge.

The motion for diminution of the record is denied.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 6, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 5, 1931.