[Civ. No. 8096. Second Appellate District, Division Two.—April 24, 1934.]

HARRY ARLAND NOAH, Appellant, v. BLACK & WHITE CAB COMPANY (a Corporation) et al., Defendants; W. A. BARNETT, Respondent.

Davis & Thorne for Appellant.

Chase, Barnes & Chase for Respondent.

DESMOND, J.—The plaintiff appeals from a judgment entered in favor of defendant Barnett by the court sitting without a jury. As to all other defendants dismissals had been entered before the trial.

The action was for damages claimed as the result of a collision between two automobiles at the junction of two thoroughfares in the city of Los Angeles. Plaintiff, a passenger in a Black & White taxicab, was being driven in a westerly direction on Wilshire Boulevard, while the defendant Barnett was driving his Hupmobile in an easterly direction. Arriving at the junction of Highland Avenue, Barnett turned to the north, the collision between the two vehicles occurring in the northerly portion of the intersection of the two streets, when the taxicab struck the Hupmobile at or near the right rear fender. The shock of the collision was such as to throw plaintiff with considerable force against the interior of the cab, injuries resulting therefrom.

Plaintiff rests his appeal upon three grounds, stated in his brief as follows: "Point 1. The court erred in refusing to permit the deposition of the defendant and respondent W. A. Barnett to be received in evidence in its original form. Point 2. The court erred in admitting evidence over the objection of plaintiff. Point 3. That said judgment is not supported by the evidence." We shall consider these contentions in their order.

As to point 1, it appears that prior to the trial of the action attorneys for the plaintiff took the deposition of defendant Barnett, who later signed it but not in the presence of plaintiff's attorneys and not until he had made certain changes in figures, indicating the distances between various points, and interlined certain language that might be considered as explanatory or in amplification of answers made when under examination. The attorneys for plaintiff were unaware of these changes until the case came to trial, and objected to the court's considering the deposition with the changes as made (the original replies also appearing), contending that the deposition as originally taken and not changed in any particular should be before the court. Section 2052 of the Code of Civil Procedure provides that "a witness may also be impeached by evidence that he has made at other times statements inconsistent with his present tes-

timony''. There was no denial by the witness upon his examination in court that he had made statements under his original examination by deposition that differed from those which he made in court and which he entered in his deposition. In fact, he explained to the court why he made the changes. Since the trial judge was definitely advised of the original answers given when the deposition of the witness was taken, and of the conditions under which the changes therein were made, and since he had the opportunity to hear in court, on direct and cross examination, the testimony of Barnett upon these very matters, we fail to see how the rights of plaintiff were in any way prejudiced by this procedure. We therefore hold the first point not well taken.

As to point 2, it is contended that the court erred in permitting the introduction in evidence of a document entitled ''Option Agreement'', which was signed by plaintiff February 11, 1931, from which it appears that for a consideration he agreed to execute a covenant not to sue certain of the defendants, including the Black & White Cab Company and the Yellow Cab Company, for damages arising out of this accident. The defendant Barnett had set up a claim in his answer that the release of the other defendants operated to his benefit if he should be found to be a joint tortfeasor with them. If the admission of this document was erroneous, and we do not imply that it was, still the plaintiff did not suffer from the ruling for the reason that the court did not find the defendant Barnett to be a joint tortfeasor, but did find ''that the act of said driver of said taxicab in which the plaintiff was riding in so entering said intersection at such a negligent, illegal and reckless rate of speed, and his negligent act in colliding with the automobile driven by the defendant and cross-complainant, W. A. Barnett, was the sole, proximate cause of the accident referred to in said complaint, and the injuries and damages, if any, suffered by the plaintiff, Harry Arland Noah.'' There was also a specific finding that plaintiff's injuries were not due to any carelessness or negligence of Barnett.

In regard to the third point, insufficiency of the evidence to sustain the judgment, we note that there was evidence before the court that for some little distance before arriving at the corner of the intersection the defendant Barnett extended his hand to the left to indicate a left-hand

turn; that he not only made the turn, but when he arrived at the point where the collision took place the front wheels of his Hupmobile were considerably north of the north curb line of Wilshire Boulevard. In other words, at that moment he had actually entered Highland Avenue. There was evidence to the effect that the taxicab, instead of swerving to the left of the Hupmobile and clearing it completely, swerved to the right, thereby causing the collision. Upon these and other items of evidence the court reached its conclusion that the negligent operation of the taxicab by its driver constituted the sole proximate cause of the accident, and we believe there was sufficient evidence before it to support the judgment.

Appellant contends that because Barnett did not watch the approaching taxicab continuously from the time he started to turn into Highland Avenue, a finding that he was not negligent is unsupported. This contention is disposed of satisfactorily, it seems to us, by respondent's counsel as follows, quoting from his brief: "Counsel for appellant have quoted certain portions of respondent Barnett's testimony to show that he did not watch the approaching taxicab at all times while he was making the turn. This is a correct statement of his testimony. But we have contended, and do contend, that there is no duty, *as a matter of law,* resting upon any driver to look at all times in one direction while traversing an intersection. We agree that every driver must 'ever be alert and watchful', must use ordinary care at all times, and at an intersection, and particularly in making a left hand turn, a driver is required to exercise a greater care. Whether or not Barnett while making the left hand turn, exercised that degree of care, greater or less, commensurate with the circumstances existing at that time and place, is a pure question of fact for the court to determine. This it did adversely to appellant. . . . It is the rule in all of such left hand turn cases, as set forth in *Donat* v. *Dillon,* 192 Cal. 426 [221 Pac. 193]: 'It was therefore a question for a trial court to determine upon all the evidence and the reasonable deductions therefrom whether the defendant, after having seen the approaching machine, continued to exercise the care and prudence which a reasonable man would have exercised under the circumstances'. (*Donat* v. *Dillon,* 192 Cal. 426 [221 Pac.

193].) In the instant case, the court, with the entire evidence of the case before it, held that the left hand turn made by respondent Barnett was proper, and made in the exercise of due care, commensurate with the duty resting upon respondent in making such turn.''

Judgment affirmed.

Stephens, P. J., concurred.