## O. K. THEATER CORPORATION v. REHMEYER.

### No. 3650.

Court of Civil Appeals of Texas. El Paso.

March 17, 1938.

Rehearing Denied April 7, 1938.

Henry Russell, of Pecos, and Dan P. Johnston and Wm. H. Flippen, both of Dallas, for appellant.

Hill D. Hudson and Hudson & Hudson, all of Pecos, for appellee.

WALTHALL, Justice.

This is a personal injury suit. The suit involves a collision between an automobile driven by appellee W. O. Rehmeyer, plaintiff in the trial court, and an automobile driven by W. W. Culver, as employee of appellant, O. K. Theater Corporation, defendant in the trial court.

In view of the issues presented here we think it well to state in substance the pleadings of plaintiff and defendant.

Plaintiff Rehmeyer alleged that about 8 o'clock in the morning of October 22, 1935, he was operating his automobile on highway 80, in Ward county, Tex., driving in a careful manner, in an easterly direction on said highway between Pyote and Monahans; that he was driving said automobile on the south side of the highway; that there was an unusual amount of fog on said morning at that place; that on said highway W. M. Wooten and W. W. Culver, agents of defendant, were operating an automobile of defendant in a westerly direction on said highway; that said agents of defendant were then engaged in the defendant's business and within the scope of their employment, namely, placing advertising matter along said highway; "the said agents of the defendant turned their automobile suddenly to the left and across said highway so that they then proceeded in a southerly direction, without giving plaintiff any chance to avoid striking the said automobile; that there was a violent collision of said automobiles which resulted in the injuries to the plaintiff which will be more fully set up hereafter; that the collision and the resulting injuries and property damages suffered by the plaintiff were the direct result and proximate result of the negligence of the defendant, its agents, servants and employees; that the plaintiff was not guilty of contributory negligence in the premises, but exercised due care and diligence to avoid said collision; that as a result of said collision and proximate result of the negligence of the defendant, its agents, servants and employees" plaintiff states damage to his automobile and the personal injuries to himself. In concluding the statement of his personal injuries plaintiff alleges: "That all of the injuries hereinabove described were the direct and proximate result of the negligence of the defendant, its agents, servants and employees."

Plaintiff then states that prior to his injuries he was a normal, healthy individual; that he was profitably engaged in the practice of medicine and surgery; states what he was earning per month in such practice; states his reduced capacity to practice his profession by reason of his injuries, both now and probably in the future, and "that all of said injuries and said damage was a direct and proximate result of the negli-gence of the defendant, its agents, servants and employees."

Plaintiff prays that he have judgment for his damages, stating the amount.

Defendant answered by general demurrer, general denial, special denials, and alleges that "at the said time and on the occasion complained of by plaintiff, its servant and agent in charge of said automobile truck was crossing said highway in a cautious and careful manner; that immediately prior thereto, he had looked, listened and slowed down so as to ascertain if any other vehicle was then in sight or hearing before attempting to cross said highway, and had not seen nor heard anything that would apprise him that an automobile or other vehicle was then near or approaching the place of said crossing, for which reason this defendant is not responsible for the alleged injuries set out in plaintiff's petition."

Defendant then pleads that plaintiff failed to keep a proper lookout, careless and wreckless driving of his automobile on the occasion, wreckless rate of speed, failure of plaintiff to use ordinary care in operating his automobile in failing to keep it under control, and that plaintiff's injuries were due to his own negligence.

Defendant prays that it go hence without day and with its costs.

Defendant did not present its general demurrer or have it passed upon by the court, and therefore waived it.

The case was submitted to a jury upon special issues, to which defendant submitted objections, and a motion for an instructed verdict in its favor, all of which the court heard and overruled.

After defining the legal terms used in the charge, the court submitted the case to a jury on special issues to be found on a preponderance of the evidence. On issues submitted the jury found:

(1) Defendant's employee, Culver, on the occasion in question, "turned said automobile suddenly to the left across said highway in such a manner as to cause a collision with the automobile operated by plaintiff."

(2) Such act in so turning said automobile across said highway by Culver "constituted negligence on the part of the defendant or its said agent."

(3) Such negligence was the proximate cause of the injuries sustained by the plaintiff.

(4) The jury found and assessed plaintiff's damages at $4,000.

987

The jury found against defendant on the issues of contributory negligence.

The jury found that the collision was not an unavoidable accident.

On the jury's verdict the court rendered judgment for plaintiff in the sum of $4,000, found by the jury.

The court overruled defendant's motion for a new trial, and defendant appealed.

### Opinion.

■ Appellee's petition, as we view it, undertakes to state a cause of action resulting in a failure on the part of appellant to observe the "Law of the Road," of this state as enacted and stated in article 801, Revised Penal Statutes of this state, 1925, and the several sections thereunder, especially subdivision (K).

We have concluded that, while the petition is open to objections that could have been made, it sufficiently states a cause of action in the absence of any demurrer, general or special, urged against it. We overrule all propositions relating to the sufficiency of appellee's petition.

In submitting the case to the jury the trial court submitted the issues of fact substantially in the language of the pleadings, both as to appellee and appellant. The jury found the facts submitted in favor of appellee and against appellant.

■ The appellee did not allege that the facts pleaded as negligence constituted negligence. It has often been held that it is not necessary to allege that the facts pleaded constitute negligence if the conclusion of negligence can be drawn from them. 30 Texas Jurisprudence, p. 790, par. 118, and cases referred to in note 14.

The petition pleaded, in effect, a violation of article 801 of the Penal Code of this state, in that the employee of appellant, in driving his automobile upon the highway, failed to travel upon the right-hand side of such highway, but instead suddenly turned his automobile to the left and across the highway and proceeded in that direction without giving appellee a chance to avoid striking appellant's automobile.

■ Appellant undertook to defend its act in so driving its automobile, as we understand its answer, by stating the facts under said article 801, subd. (K), by alleging, in effect, that at said time and immediately prior thereto its driver had looked, listened, and slowed down so as to ascertain if any other vehicle was then in sight or hearing before attempting to cross or come upon the left side of the highway, and had not seen nor heard anything that would apprise him that another automobile was then approaching the place. Appellant insists that it had the right, in the exercise of ordinary care, to use the highway and to turn across it, and that in doing so it was in the exercise of its right. Abstractly speaking, appellant did have the right to turn its automobile from the right side on to the left side of the highway, but such right is a qualified right; in doing so it must strictly observe the "rule of the road," as stated in the above referred to statute. We have in this state no rule stated in driving a vehicle upon the public highway other than the one above referred to, and the courts, in civil cases, so far as we have observed, under facts similar to the facts in this case, apply the rule stated in testing the rights of parties in the use of the public highways.

■ We have reviewed the evidence in connection with the pleadings on both sides. The case as presented is purely a fact case. The evidence, we think, justified the submission of the issues. We have found no reversible error. Appellant's propositions have each been considered. We need not discuss them severally. They are each overruled.

The case is affirmed.

### On Motion for Rehearing.

■■ In its motion for rehearing appellant challenges the sufficiency of both pleadings and evidence. Plaintiff alleged that defendant's car turned to the left and in front of plaintiff so suddenly that plaintiff could not avoid colliding with it. He further alleged that this act was negligently done. This is equivalent to alleging that before making the turn the driver of the turning vehicle did not see first that there was "sufficient space for such movement to be made in safety," as required by article 801(K) of our Penal Code, which provides that "the person in charge of any vehicle upon any public highway before turning, stopping or changing the course of such vehicle shall see first that there is sufficient space for such movement to be made in safety." This duty is separate from the duty prescribed by the words immediately following, which is to give a "plainly visible or audible" signal to the driver of any car the movement of which might be affected

988

by such change of course. Obviously the signal would be futile if the movement could not be made in safety; and, therefore, there is a complete failure of duty upon the part of the driver of the turning car, if he does not first use reasonable care to see that the turn may be made in safety. To allege that a collision was inevitable if the turn was made at the time of the occurrence was to allege in strongest terms that it could not be "made in safety." This was the effect of plaintiff's allegation.

Applying a statute couched in language identical with that used in article 801(K), and commenting upon the duty of a motorist making a turn at an intersection, the California Supreme Court, in Donat v. Dillon, 192 Cal. 426, 221 P. 193, 195, said, "Although a machine first reaching the intersection may have the right of way, it does not follow that one who changes his course at the intersection of a street is entitled to the full protection of this rule, for common sense tells us that he is bound to exercise great care to avoid colliding with machines that are on the street, and across whose path he must travel. Clark v. Fotheringham, 100 Wash. 12, 170 P. 323. It seems to us that this was what the Legislature had in mind when it provided that a vehicle, before starting to turn, 'shall see first that there is sufficient space for such movement to be made in safety,' so that the practical effect of this provision is to cast upon motorists intending to turn the duty of exercising greater care than is ordinarily required of them."

■ Having in mind the duty of defendant to ascertain that there was sufficient space for the turning movement to be made in safety before making it, and the allegation that the car was turned so suddenly that plaintiff could not avoid colliding with it, we held that the evidence was sufficient to go to the jury. This was the effect of the opinion in the California case cited, and is our independent view. Defendant's employee testified that plaintiff's car struck his before he "had time to get turned good; that plaintiff's car hit the front end and radiator of defendant's car." Plaintiff testified that he was driving south of the center of the road going east; that his lights were burning; that his speed was about 30 miles an hour; that he remembered "seeing the car that loomed up in front of" him; "that something came turning over in front of me, and that is all I remember." J. A. Fisher, who was working for the State Highway Department at the time of the accident, testified that he was going east; that he had followed plaintiff's car some distance and that its taillight was visible; that he was traveling about 30 miles an hour, and the car ahead of him could not have been going much faster than that; that after the collision he arrived upon the scene and plaintiff's car was on the south side of the road headed southeast and was clear of the blacktop; that defendant's car was headed "right into the Doctor's (plaintiff's) car and its right rear wheel was still on the blacktop while the rest of it was clear of the blacktop." The evidence was sufficient to make a jury issue and to justify the answer that was returned.

The motion for rehearing is overruled.