[Civ. No. 1183.   Fourth Appellate District.—July 13, 1936.]

ELOISE ALMANERZ et al., Appellants, v. SAN DIEGO
ELECTRIC RAILWAY COMPANY (a Corporation)
et al., Respondents.

Clifford C. Pease for Appellants.

Morrison, Hohfeld, Foerster, Shuman & Clark and V. F. Bennett for Respondents.

BARNARD, P. J.—This is an action for damages for personal injuries. The plaintiff wife, who will be referred to as the appellant, was injured in a collision between an automobile driven by her and a passenger bus owned and operated by the defendants. The collision occurred on December 11, 1933, in the city of San Diego at the intersection of Island Avenue, which runs east and west, and Fifteenth Street, which runs north and south. The appellant was driving east on Island Avenue and when near the center of this intersection was struck by the defendant's bus, which was proceeding north on Fifteenth Street. It does not appear in the evidence that this intersection was in a built-up territory and there is no evidence that the view of either driver was obstructed. It appears that the bus struck the automobile approximately in the middle of its right side when it was straddling the center line of Island Avenue with its right wheels about 2½ feet south of that line and when its rear wheels were 2½ feet east of the center line of Fifteenth Street. As a result of the impact the automobile was shoved sideways, in a northerly direction, a distance of 5 feet.

At the conclusion of the plaintiffs' case the defendants rested without putting on any evidence and submitted the matter to the court for its determination. The court ordered judgment for the defendants and findings were waived. Judgment was entered and this appeal followed.

Some contention is made by the appellant that since the respondents put on no evidence the holding of the court must be taken as a finding that she was guilty of contributory negligence, as a matter of law. This contention is without merit and the only real question presented is whether or not the implied finding that the appellant was guilty of

contributory negligence, is sufficiently supported by the evidence.

In effect, the appellant's position is that she had the right of way, having entered the intersection first; that having the right of way she had the legal right to expect the respondents to yield the same to her; that she traveled through the intersection at a legal rate of speed; that it was not her duty to continue to watch the bus or to take any other precautions for her safety; and that it follows, as a matter of law, that she was not negligent in proceeding across the intersection.

Most of the cases cited by the appellant relate to the question of negligence as a matter of law, but are not helpful on the question of negligence as a matter of fact. She also relies on *Keyes* v. *Hawley*, 100 Cal. App. 53 [279 Pac. 674], and *Lindenbaum* v. *Barbour*, 213 Cal. 277 [2 Pac. (2d) 161]. In the first of these cases a judgment for the plaintiff was reversed on the ground that the defendant, who had the right of way, was not, under the particular circumstances, negligent in proceeding across an intersection. In the other case the court observed that in so far as one provision of the California Vehicle Act is concerned a verdict predicated on the theory that the appellant was not entitled to the right of way would be erroneous, but the case was decided under another section of the California Vehicle Act and upon facts materially different from those now before us. None of the cases cited, or with which we are familiar, support the theory that it must be said, as a matter of law, that a driver is free from negligence in passing through an intersection, merely because he has the right of way.

It is a matter of common knowledge that under many circumstances it is neither safe nor prudent, even where one has the right of way, to barge in and attempt to beat another car across an intersection. If all drivers proceeded whenever they had the legal right of way innumerable collisions would result. Under modern traffic conditions ordinary care and prudence often require a driver to give way and refrain from rushing in although, in a technical sense, he has the right of way. Even when a driver enters an intersection first it may be negligence, as a matter of fact, to proceed in the face of another car which is very close and coming fast. The relative speed of the two cars and many other

conditions may be important. The fact that the first driver to enter an intersection practically stops may have a bearing, and it may under some circumstances be negligent to then speed up and proceed. Whether one is justified in proceeding in reliance on the fact that he has the right of way must depend upon many conditions. It can rarely be said, as a matter of law, either that he was negligent in proceeding or that he was not. Such a question is nearly always one of fact and this case presents no exception to that general rule.

Viewing the evidence in the light most favorable to the respondents the following facts appear: The appellant testified that she saw the bus to her right when she was "reaching the intersection"; that she did not see it again; that she proceeded across the intersection at about 15 miles per hour; that she looked straight ahead as she drove on; that she did not look at the bus as she proceeded; and that she remembers "getting over to the middle of the street". The entire evidence indicates that she intended to proceed east on Island Avenue and the fact that she was getting over to the middle of the street suggests that she realized that the bus was coming and pulled over to avoid it. The only eye-witness to the collision testified that when the appellant reached the intersection the bus was "near the property line on the south side of Island Avenue"; that the bus was traveling 35 miles an hour and its speed was not slackened until about 15 feet before it struck the appellant's car; that as the appellant approached the intersection "she slowed down to almost dead still"; that she then speeded up and passed through the intersection at 10 or 12 miles an hour; and that as she went through she seemed to be looking straight ahead.

It would appear that the rear end of appellant's automobile was about at the center line of Fifteenth Street when she was struck amidship by the bus. It would further appear that this heavy bus was near the property line on the south side of Island Avenue coming at 35 miles an hour when the appellant entered the intersection, and that its speed was not slackened until it had proceeded considerably farther. Her view was unobstructed and although she had slowed down to almost to a, stop she increased her speed and proceeded without paying further attention to the bus. She

was hit just as she had crossed the center line of the intersecting street, when she reached the path of the oncoming bus. Reasonable minds might well conclude from the circumstances disclosed by the evidence that the appellant was negligent in attempting to thus beat the bus across the intersection and it cannot be said, as a matter of law, that she was not negligent. (*Olsen* v. *J. J. Jacobs Motor Co.*, 99 Cal. App. 423 [278 Pac. 1051].) The question was one of fact and the evidence is sufficient to support the implied finding.

We think the question of appellant's negligence is peculiarly one of fact since her testimony, as well as that of the only eye-witness, is full of contradictions and conflicting statements. All of their statements could not be true, and it is obvious that the trial court, in determining what actually happened, had advantages which are not afforded by the written record.

The judgment is affirmed.

Marks, J., concurred.

Jennings, J., being absent, did not participate in this opinion.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 10, 1936.