[Civ. No. 11529.   First Dist., Div. Two.—June 19, 1941.]

LEONARD R. DAVIS, Respondent, v. CITY AND COUNTY OF SAN FRANCISCO (a Municipal Corporation) et al., Appellants.

John J. O'Toole, City Attorney, Henry Heidelberg, Deputy City Attorney, and Walter E. Trefts, Jr., for Appellants City and County of San Francisco et al.

Wm. M. Abbott, Cyril Appel and Ivores R. Dains for Appellants Market Street Railway Company et al.

Clayton H. Garvey, James M. Hanley and Herbert Chamberlin for Respondent.

NOURSE, P. J.—Plaintiff sustained injuries while riding as a passenger on a west bound street car operated by defendant City and County of San Francisco. At the intersection of Market, Jones and McAllister Streets a collision occurred between the car upon which plaintiff was riding and another west bound street car operated by the defendant Market Street Railway Company. The collision occurred a little beyond a safety zone maintained on Market Street a little easterly of the intersection of the above-named streets and at a point where it was necessary for the car operated by the Market Street Railway Company to turn to its right northwesterly and across the west bound track of the municipal line in order to continue its course into and upon McAllister Street. The testimony of the witnesses as to the circumstances leading to the collision was in sharp conflict. One group of witnesses testified that the municipal car did not stop at the safety zone or passenger station but proceeded directly into the intersection after the car of the Market Street line had started from the safety zone. Another group of witnesses testified that the municipal car stopped at the passenger station and then proceeded into the intersection ahead of the other car. The witnesses are agreed that when the Market Street car took the switch and began to operate

the turn, the municipal car was proceeding over the intersection in such a way that the fender and right front corner of the Market Street car crashed into the side of the municipal car striking the latter at about its middle. The two corporation defendants were joined with the operators on each of the two cars and the case went to the jury which returned a verdict in favor of plaintiff against all the defendants. These defendants have appealed from the judgment but the arguments have been presented by the Market Street Railway Company and the municipality separately.

The Market Street Railway Company proposed an instruction which read in part: "If you find from the evidence that at the time and place in question the motorman of the K car of the Municipal Railway (City and County of San Francisco) violated any rules in reference to the operation of street cars, and if you further find that at the time and place in question the outbound McAllister street car had the right of way it was the duty of the motorman of the K car to give the outbound McAllister street car such right of way and that solely in consequence of the act of the motorman of the K car in failing so to do . . . the plaintiff . . . sustained the injuries . . . I instruct you that your verdict must then be in favor of the Market Street Railway Company. . . . " The refusal to give this proposed instruction is the only error assigned by the Market Street Railway Company and its motorman on this appeal. They argue that this presented the theory of their case and state that it was not covered by other instructions. Since these appellants proposed a formula instruction it was incumbent upon them to include the essential requirements which would make the verdict favorable to them proper. The proposal here under consideration was incomplete in the very important item of negligence on the part of these appellants notwithstanding the failure of the operator of the municipal car to yield the right of way. To have told the jury that the failure of the operator of the municipal car to give the other the right of way would in itself relieve the latter of liability would have caused confusion in the minds of the jurors. Right of way alone is not the determining factor when the evidence in the case discloses independent negligence of both parties.
It is the settled rule that one may not blindly and negligently

proceed forward into an intersection and cause a collision with another merely because he had a statutory or regulatory right of way. The cases discussing this subject point out that one exercising the right of way may not excuse his negligence on that ground alone but that the right is available to him only in those instances where he has himself proceeded without negligence. ■ Thus the proposed instruction was restricted to the single claim that the operator of the municipal car refused to give the right of way, and in this respect it attempted to stress a specific part of the evidence upon which reliance was made and for that reason it was properly refused. (24 Cal. Jur., p. 843; *Stuart* v. *Preston*, 2 Cal. App. (2d) 310, 322 [38 Pac. (2d) 155]; *Jesse* v. *Giguiere*, 24 Cal. App. (2d) 160, 165 [74 Pac. (2d) 310.)

■ The appeal of the City and County of San Francisco and its employees presents a single issue "Was the verdict of the jury against the preponderance of the evidence?" This is not a debatable question on an appeal of this character. The case was tried to a jury and witnesses were called by the plaintiff and by the two groups of defendants. There was a conflict in the testimony of these witnesses relating to the time when each of these two street cars approached the safety zone, as to whether one or both came to a stop, as to the time when each started, and as to the speed of each car immediately preceding the collision. In respect to the number of witnesses called, the theory advanced by the municipality was more generally supported and it appears that the greater number of these witnesses sought to put the blame of the collision upon the employees of the Market Street Railway Company. There were, however, a number of witnesses who testified to the opposite view. It was the function of the jury to determine which of these witnesses spoke the truth and to weigh all the evidence for the purpose of determining which was the true story of the circumstances causing the collision. The number of witnesses is of no matter; all that we can determine on this appeal is whether the evidence supports the verdict when viewed in the light most favorable to the respondent. But these appellants do not contend that there is not substantial evidence in support of the jury's verdict. It is their contention that this court should examine all the testimony and determine wherein is the preponderance of evidence. This of course is not the function of an appellate

court. (*Bowman* v. *Carroll,* 120 Cal. App. 309, 312 [7 Pac. (2d) 734].)

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing was denied July 19, 1941, and appellants' petition for a hearing by the Supreme Court was denied August 14, 1941. Curtis, J., voted for a hearing.