[Civ. No. 7750. Third Dist. Dec. 6, 1950.]

NORVAL KLINEFELTER, Appellant, v. ANDREW N. MACHEN et al., Respondents.

Robert A. Zarick and Thomas O'Hara for Appellant.

Russell A. Harris for Respondents.

ADAMS, P. J.—This is an appeal from a judgment in favor of defendants, entered upon the verdict of a jury, in an action for recovery of damages for injuries sustained in an automobile collision alleged to have been caused by the negligence of defendants. The latter relied upon contributory negligence by plaintiff.

Two propositions are relied upon by appellant, to wit: that the evidence is insufficient to sustain the verdict, and that the

court committed reversible error in the giving of an instruction.

■ The collision occurred about 6 p. m. on July 11, 1948, at the intersection of 45th and T Streets in Sacramento. Plaintiff was proceeding south on 45th Street, and defendants' car was proceeding west on T Street. In the intersection the cars collided. Appellant argues that the evidence shows that the driver of defendants' car was negligent, but this is immaterial if plaintiff was guilty of contributory negligence. The evidence is conflicting as to the point of impact, and the jury could have concluded therefrom that plaintiff was "cutting the corner" and was in defendants' part of the street when the collision occurred. The issue of contributory negligence is one left to the determination of the trier of fact, and such determination will not be disturbed on appeal if there is any substantial evidence to sustain it. (*Page* v. *Cudahy Packing Co.*, 31 Cal.App.2d 282, 289 [87 P.2d 913] ; *Reeves* v. *Lapinta*, 25 Cal.App.2d 680, 682 [78 P.2d 465] ; 3B McKinney's Digest, § 371, p. 521 et seq.)

■ The instruction complained of by appellant reads :

"Section 544 of the California Vehicle Code in full force and effect at the time of the occurrence of this accident provided as follows :

" 'Turning movements and required signals.

" 'A. No person shall turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety and then only after the giving of an appropriate signal in the manner provided herein in the event any other vehicle may be affected by such movement.

" 'B. Any signal of intention to turn right or left shall be given continuously during the last fifty (50) feet traveled by the vehicle before turning.

" 'C. No person shall stop or suddenly decrease the speed of a vehicle on a highway without first giving an appropriate signal in the manner provided in this Chapter to the driver of any vehicle immediately to the rear.'

"The words just quoted from the Vehicle Code, namely that 'No person shall turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety,' do not mean that the driver of a motor vehicle, before making such turn, must know that there is absolutely no possibility of an accident. They do mean that before starting to turn a vehicle on a public

highway, and while making the turn, the driver of the vehicle must use such precaution as would satisfy a reasonably prudent person, acting under similar circumstances, that the turn can be made safely.''

Appellant's objection thereto is that the portion of section 544 pertaining to the giving of a signal of intention to turn could in no manner have constituted a proximate cause of the accident, as defendants would not have been able to see a signal had it been given. It is conceded that in a proper case the instruction (BAJI No. 142) is applicable, but he urges that the giving of it here must have misled the jury into believing that failure to give the signal was, itself, contributory negligence.

It is not contended by appellant that the portion of the instruction pertaining to the prohibition against the turning of a vehicle unless and until such movement can be made with reasonable safety was not properly given; and we think that by the last paragraph of the instruction the court indicated that such portion was intended to be stressed. Furthermore, the giving of a signal was said to be applicable only ''in the event any other vehicle may be affected by'' the movement. Also there was no evidence on the subject of signals, and, so far as appears, plaintiff may have given signals.

While to avoid any controversy that portion of the code section pertaining to signals might have been, and possibly should have been omitted, in view of section 4½ of article VI of the Constitution, we cannot say that the reading of the whole code section resulted in a miscarriage of justice.

The judgment is affirmed.

Peek, J., and Van Dyke, J., concurred.

A petition for a rehearing was denied January 4, 1951, and appellant's petition for a hearing by the Supreme Court was denied February 1, 1951. Schauer, J., voted for a hearing.