[Civ. No. 4349.   Fourth Dist.   Apr. 4, 1952.]

MARIA REYES, Respondent, v. JOE DIAS GONZALES
et al., Appellants.

Ray W. Hays, Paul Staniford and James N. Hays for
Appellants.

C. Ray Robinson, R. A. McCormick and William B. Boone
for Respondent.

BARNARD, P. J.—This is an action for damages for in-
juries sustained by the plaintiff in a collision between an au-

tomobile driven by her brother, and a truck belonging to the corporate defendant and driven by the defendant Gonzales.

The collision occurred at 10:15 a. m. at the intersection of "E" Street and Biola Avenue, in Biola, Fresno County. Biola Avenue is the main north and south highway and has a black top surface about 18 feet wide. "E" Street, running east and west, is somewhat narrower. On this occasion the truck was proceeding south on Biola Avenue and the automobile was proceeding west on "E" Street. The vehicles collided at a point three feet north and two feet west of the center of the intersection. There was a vacant lot at the northeast corner of the intersection, so that each driver had an unobstructed view of the other vehicle as it approached the intersection. There was a house at the southeast corner which would obstruct the view to the south for a driver approaching from the east. There was a school ground on the northwest corner with hedges and trees which, while not obstructing the view, would make it more difficult for a driver coming south to observe traffic approaching from his right.

A jury returned a verdict in favor of the defendants, and they have appealed from an order granting the plaintiff's motion for a new trial based in part upon the insufficiency of the evidence to sustain or justify the verdict.

The appellants concede that the rule is well established that such an order will not be reversed unless it appears, as a matter of law, that there was no substantial evidence which would support a judgment for the moving party, or that the granting of the motion clearly constitutes an abuse of discretion on the part of the trial court. (*Martin* v. *Smith*, 103 Cal.App.2d 894 [230 P.2d 679].) They contend that the sole proximate cause of this accident was the negligence of the driver of the automobile in which the respondent was riding; that there was no evidence of any negligence on the part of the truck driver; that there was no substantial evidence that would support a judgment in favor of the respondent; and that an abuse of discretion clearly appears.

The driver of the automobile in which the respondent was riding testified, among other things, that he was driving 10 miles an hour as he approached this intersection, and that he intended to turn south on Biola Avenue; that he first looked to his right when he was 10 to 15 feet away; that the truck was traveling 25 to 30 miles an hour; that he thought he could make his turn; and that he "didn't pay

any more attention to the truck.'' His testimony was somewhat evasive and contradictory, and he admitted that just after the accident he had told a traffic officer that he ''never saw the truck until the two vehicles hit.'' The traffic officer testified to the same effect.

There is ample evidence of negligence on the part of this driver and the evidence as a whole strongly supports the jury's conclusion that his negligence was the sole cause of the accident. There was no issue or evidence of contributory negligence on the part of the respondent, and the controlling question here is whether it appears, as a matter of law, that there was no substantial evidence of negligence on the part of the truck driver.

The appellants argue that Gonzales was not negligent at all; that he had the right of way and had the right to assume that the other driver would yield the right of way; that he had but a few seconds to look for traffic coming from the west, and his view was partially interfered with by vegetation on the school yard; that there was no apparent danger on his left; and that in proceeding as he did he acted as any reasonable man would do.

■ The fact that the driver of the truck had the right of way, if true, is not controlling and a question of fact would still remain. (*Almanerz* v. *San Diego Elec. Ry. Co.*, 15 Cal.App.2d 423 [59 P.2d 513]; *Allin* v. *Snavely*, 100 Cal.App.2d 411 [224 P.2d 113].) As was said in *Donat* v. *Dillon*, 192 Cal. 426 [221 P. 193], ''Assuming, therefore, that the defendant had the right of way, he was required to proceed across the intersection in a careful and prudent manner, ever watchful of the direction in which danger was most likely to be apprehended.'' ■ The truck driver testified that when he first saw the automobile it was about 100 feet from the intersection, and that his truck was then about the same distance away; that each vehicle was traveling at about the same speed; that after seeing this car he looked to his right but saw no cars coming east on ''E'' Street; that he did not blow his horn and did not decrease his speed; that he continued to look to his right until his truck had entered the intersection; that he then looked to his left and observed the other car just as they were about to hit; and that the other car was then in the intersection.

Factual questions were presented with respect to negligence on the part of the truck driver, and its effect as a proximate cause of the accident. Whether he exercised ordinary care under the circumstances shown by the evidence

is a question of fact, and not one of law. It cannot be held that there is no substantial evidence which would have supported a judgment for the respondent, or that an abuse of discretion appears.

The order appealed from is affirmed.

Griffin, J., and Mussell, J., concurred.