Moore, P. J., and Fox, J., concurred.

[Civ. No. 5237. Fourth Dist. Feb. 6, 1956.]

CHARLES MOORE et al., Appellants, v. BERLEY WILLIAM RUTH et al., Respondents.

Wallace P. Rouse for Appellants.

Thompson & Colegate and H. M. Dougherty for Respondents.

MUSSELL, J.—This is an action for damages for personal injuries and for property damage sustained in a collision between a GMC pickup truck, being operated by plaintiff Charles

Moore and an Autocar truck and trailer operated by defendant Berley William Ruth. The accident occurred on July 11, 1953, at approximately 8:55 a.m., on Highway 111, 2 miles south of Mecca, in Riverside County. Both vehicles were being driven in a general northerly direction on said highway. The Autocar truck and trailer, loaded with 16-20 tons of baled hay and traveling between 35 and 40 miles per hour, was overtaking and pulling over to the center line in passing the GMC truck, which was being driven at 25-30 miles per hour, when Moore, who had been driving on the shoulder of the highway, pulled to the left onto the paved portion of the highway, without giving any warning signal. The right front bumper of the Autocar truck collided with the left rear portion of the GMC pickup, causing injuries to plaintiff Moore and damage to the pickup truck, which was owned by plaintiff Hyatt.

Trial was had by the court without a jury and the court found that the accident was not due to any negligence, carelessness or recklessness of defendant Ruth and that any injuries or damages suffered by plaintiffs were solely and proximately caused by the negligence, carelessness and recklessness of plaintiff Moore. Judgment was entered in accordance with these findings and plaintiffs appeal.

Appellants' sole contentions on appeal are that there is no evidence to support the trial court's findings that defendant Ruth was not guilty of negligence and that plaintiff Moore was guilty of contributory negligence.

It is well settled that the weight and sufficiency of the evidence, the construction to be put upon it and the inferences to be drawn therefrom are matters for the trier of the facts and that questions as to the credibility of the witnesses and the determination of conflicts and inconsistencies in their testimony are for the trial judge. (*Dillard* v. *McKnight*, 34 Cal.2d 209, 223 [209 P.2d 387, 11 A.L.R.2d 835].) If there is any substantial evidence which will support the conclusion reached by the court, such conclusion cannot be disturbed on appeal. (*Estate of Bristol*, 23 Cal.2d 221, 223 [143 P.2d 689].)

In *Turkovich* v. *Rowland*, 106 Cal.App.2d 445, 447 [235 P.2d 123], it was held that it was the province of the jury to determine the cause of the accident in that case and that when an automobile following another runs into the car in front, negligence is a question of fact and not of law.

In the instant case defendant Ruth testified that immediately prior to the accident he was traveling on Highway

111, alone in his truck; that it and the trailer attached were loaded with baled hay; that he first noticed the pickup truck about one-half mile ahead, going in the same direction on the highway; that when he was about 100 feet from the pickup, he noticed it was traveling between 25-30 miles per hour and that it was being driven on the shoulder, off the paved portion of the highway; that as he approached the pickup, he began to pull to the left to pass it and that "just as I made my approach to go around, the pickup, all of a sudden, he cut across in front of me"; that the right front bumper of the Autocar truck and the left rear portion of the pickup collided; that if the pickup truck had continued to travel on the shoulder of the highway as he was when he, Ruth, pulled over to within 8 feet of the white center line, there would have been at least 4 feet clearance between the two vehicles; that Moore pulled over to the left onto the paved portion of the highway without giving a signal or warning of the change of course of his vehicle.

Plaintiff Moore testified that immediately prior to the accident he was driving a pickup "maybe three or four feet off or on the side of the highway"; that he couldn't tell exactly how far or close to the line. When asked whether he swerved his truck in either direction, from the right to the left, or left to right, prior to his being hit, he answered as follows: "Well, I would say no, I don't remember swerving anything, I was just going straight into Thermal, is where I was going. I was driving straight down the highway." When asked whether or not he was traveling on the improved shoulder, he stated: "No, I would say no, because I don't make a habit of driving over there on that improved shoulder"; that he was traveling approximately 40 miles per hour and that he did not remember the Autocar truck hitting him; that the highway had about an 8-foot shoulder; that he did not feel anything hit him; that he was "just knocked out, probably, like somebody come up and hit you with a brick or something"; that after he was hit, he did not remember anything for five or six days.

Appellant argues that defendant Ruth violated section 528, subdivision (a), of the Vehicle Code in failing to pass to the left of plaintiff's pickup at a safe distance; that Ruth was therefore guilty of negligence *per se*. However, the trial court evidently believed the testimony of Ruth that there would have been approximately 4 feet clearance between the two vehicles at the time of the accident if plaintiff Moore had not cut across in front of the Autocar truck and trailer. The question

of whether there was a safe passing distance was one of fact. Likewise, the issue of contributory negligence was one of fact for the trial court, and where as here, there is substantial evidence to sustain the court's finding in that connection, it will not be disturbed on appeal. (*Klinefelter* v. *Machen,* 100 Cal.App.2d 812, 813 [224 P.2d 877].) The testimony of Ruth to the effect that Moore suddenly turned to the left onto the paved portion of the highway and in front of the Autocar truck without warning furnishes substantial evidence of contributory negligence.

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.