[Civ. No. 21189.   Second Dist., Div. Two.   Feb. 23, 1956.]

HELEN POWELL, Appellant, v. ROBERT M. BARTMESS, Respondent.

Emanuel Gyler for Appellant.

Betts, Ely & Loomis for Respondent.

FOX, J.—Plaintiff initiated an action to recover for personal injuries arising out of an intersection collision while she was making a left turn. Defendant denied negligence on his part and interposed the defense of contributory negligence. Defendant also filed a cross-action to recover for property damage to his vehicle. The jury returned a verdict for defendant on plaintiff's complaint and against defendant on his cross-action. The sole appeal is by plaintiff from the judgment adverse to her.

The accident occurred at about 1:30 p. m. on April 27, 1952, at the intersection of Lakewood Boulevard and South Street, in the county of Los Angeles. The day was dry and sunny. Lakewood Boulevard runs in a north and south direction and is divided at its center by a traffic island or barrier. The distance between this barrier westward to the curb line, or in other words, the width of the southbound side of the highway at the intersection, is about 43 feet. Approximately 10 or 12 feet to the west of the barrier on the southbound side of the street is a marked traffic lane. On plaintiff's Exhibit 1, which is a diagram of the scene, the area between the traffic barrier and the marked traffic lane is denominated Lane 1. Immediately to the west side of the marked traffic lane is a section marked Lane 2, which is also about 10 or 12 feet in width. Both Lane 1 and Lane 2 are paved with concrete. To the west of Lane 2, the exhibit shows another lane about 10 feet wide, marked Lane 3. Lane 3 is paved with concrete from the northerly crosswalk of Lakewood Boulevard and South Street to a point about 50 to 75 feet to the north, after which it is paved entirely with asphalt. Closest to the west curb of Lakewood Boulevard is a section of the street marked as Lane 4 on the exhibit which is paved entirely in asphalt. It is about 8 feet from Lane 4 to the curb. Lakewood Boulevard was posted with signs authorizing a 35 mile per hour speed limit.

Plaintiff was driving north on Lakewood Boulevard when she entered the intersection on the green light intending to

make a left turn and travel west on South Street. Traffic was proceeding in the opposite (southbound) direction, so she stopped and waited. Plaintiff then drove a bit further north, and when at length one of the southbound cars stopped in Lane 1 as its driver was endeavoring to turn left, plaintiff moved her car partially astride Lane 1. She halted there (with traffic in Lane 1 immobilized) while several oncoming, southbound cars passed by in Lane 2. Finally a car traveling in Lane 2 stopped, and its driver motioned plaintiff to proceed with her turn. Plaintiff resumed her movement, looking to her right in the direction of southbound traffic as she passed the car stopped in Lane 2. She testified that she could see for a distance of about four or five car-lengths back of where she was making her turn but saw no cars. As she went by Lane 3 she glanced to the north but saw no car approaching the intersection. She was going about 15 miles per hour when she was struck by defendant's car, which was traveling south in Lane 3.

Defendant testified that he was driving south in Lane 3 prior to the accident and observed the traffic signal change to green when he was 200 to 300 feet north of the intersection. He was traveling about 20 to 25 miles per hour. There were vehicles moving alongside him in Lanes 1 and 2. As he neared the intersection, he observed that cars were stopped in Lanes 1 and 2. When he was about three car-lengths north of the leading car stopped in Lane 2, he first observed plaintiff's car emerging from in front of that car and pass across Lane 3. He immediately applied his brakes, as hard as he could, but his automobile continued past the stopped vehicles and collided with plaintiff's car. He left about 20 feet of skidmarks leading to the point of impact. He testified the point of impact was about 20 feet south of the north curb line of South Street.

Sergeant George, a witness called by plaintiff, testified that he had stopped his car facing west on South Street and observed plaintiff during the time she was making her left turn. He stated that as plaintiff commenced her movement to pass the car parked in Lane 2 he observed defendant's car some 100 feet north of the intersection going about 45 to 50 miles an hour. He testified defendant passed cars stopped in Lanes 1 and 2 as he approached the intersection; he estimated defendant's speed at the time of impact at about 20 to 25 miles per hour. Sergeant George observed the 20

feet of skidmarks left by defendant's car, starting at the north curb line and continuing to the point of impact.

When all the evidence had been received, plaintiff made an oral motion "that the Court find that the defendant was guilty of negligence as a matter of law." The court replied that he could make no finding in a jury case and stated to counsel that if he wanted "any instructions, you may offer them and then it is all taken care of by instructions to the jury." Thereafter, the court stated that if counsel would offer an instruction he would pass on whether he would so instruct the jury. To the court's question whether he had any additional instructions to offer, plaintiff's counsel replied, "No, I do not."

Plaintiff contends that the court "erred in refusing to find defendant negligent as a matter of law." There is no merit in this contention. As the court correctly pointed out, it is not the judge's function to make a finding in a civil action tried to a jury. In the instant case, proper practice called for the submission by counsel, if he were so advised, of an instruction directing the jury that defendant's negligence was established as a matter of law. The giving or refusing of such an instruction is reviewable upon appeal. The court invited counsel to submit an instruction embodying his theory that defendant was negligent as a matter of law and stated he would pass on its propriety. Counsel declined to do so. The court's action being in accord with exemplary procedure and plaintiff having neglected to afford the court an opportunity to pass upon her contention in the appropriate manner, there appears no error susceptible of review by this court.

Plaintiff argues that the evidence was insufficient as a matter of law to support the verdict. She contends that only after the southbound cars in Lanes 1 and 2 had stopped did she proceed with her left turn, at which time "she had secured an absolute right of way when she was within the intersection." This argument is manifestly untenable.

It is axiomatic that if there be evidence of facts supporting an inference favorable to the judgment, a reviewing court is without power to substitute its own deductions for those of the jury. It may reasonably be inferred from the evidence that, conceding that defendant was negligent, plaintiff was likewise guilty of contributory negligence which was a proximate cause of the accident. "The issue of contrib-

utory negligence is one left to the determination of the trier of fact, and such determination will not be disturbed on appeal if there is any substantial evidence to sustain it." (*Klinefelter* v. *Machen,* 100 Cal.App.2d 812, 813 [224 P.2d 877] ; *Page* v. *Cudahy Packing Co.,* 31 Cal.App.2d 282, 289 [87 P.2d 913] ; *Reeves* v. *Lapinta,* 25 Cal.App.2d 680, 682 [78 P.2d 465].)

█ Defendant testified that he was about three car-lengths north of the car stopped in Lane 2 when plaintiff pulled out from in front of that car to pass Lane 3. The jury may well have concluded that plaintiff's testimony that she looked to her right for a distance of four to five car-lengths before starting to pass the car in Lane 2 and that she glanced to her right as she passed Lane 3 without at any time seeing defendant's car was either unworthy of belief or that she was negligent in failing to see the approach of defendant's car which must have been in her vision under the circumstances related. (*Huetter* v. *Andrews,* 91 Cal.App.2d 142, 146 [204 P.2d 655] ; *Holibaugh* v. *Ito,* 21 Cal.App.2d 480, 485 [69 P.2d 871] ; *Berlin* v. *Violett,* 129 Cal.App. 337, 340 [18 P.2d 737] ; *Donat* v. *Dillon,* 192 Cal. 426, 429 [221 P. 193].) The jury might also have concluded that plaintiff violated section 551, subdivision (a) of the Vehicle Code, which provides: "The driver of a vehicle within an intersection intending to turn to the left shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection *or so close thereto as to constitute an immediate hazard."* (Emphasis added.) Plaintiff was in the process of negotiating a left turn in the face of traffic approaching along three lanes. The evidence presented could well support a finding that after moving into Lane 2, plaintiff crossed Lane 3 without exercising reasonable care to ascertain that defendant's car at that time was in a position which constituted an immediate peril to the safe execution of her turn. In light of the fact that the accident occurred almost immediately thereafter, and in view of defendant's testimony as to his proximity to the intersection before plaintiff crossed Lane 3, there was room for the jury to infer that defendant's vehicle constituted an immediate peril to one making a left turn in the circumstances and manner in which plaintiff proceeded. As stated in *Washam* v. *Peerless Automatic Staple Mach. Co.,* 45 Cal.App.2d 174, 177 [113 P.2d 724], in discussing the provisions of section 551, subdivision (a) of the Vehicle Code: "But if such other car is not within the intersection, the motorist must complete his

left turn only after he has cautiously estimated that the vehicle approaching from the opposite direction is not 'so close to the intersection as to constitute an immediate hazard.' If he miscalculates and a collision occurs, upon a trial of the resulting controversy, it is a fact to be determined from the evidence whether a reasonably prudent person in making the same turn would, under such circumstances have reached the same conclusion.'' It being peculiarly a question of fact for the jury to decide whether or not plaintiff was negligent in the execution of her maneuver, we may not disturb its determination when, as here, it finds support in the evidence and inferences which might reasonably be drawn therefrom.

But even if it be granted, as plaintiff urges, that having entered the intersection first, she had the right of way, that fact alone does not exculpate her from negligence as a matter of law since a fact question concerning her conduct in the circumstances would still remain. (*Donat* v. *Dillon,* 192 Cal. 426, 429 [221 P. 193] ; *Reyes* v. *Gonzales,* 110 Cal.App.2d 266, 268 [242 P.2d 401] ; *Allin* v. *Snavely,* 100 Cal.App.2d 411, 414 [224 P.2d 113] ; *Almanerz* v. *San Diego Elec. Ry. Co.,* 15 Cal. App.2d 423, 426-427 [59 P.2d 513].) As was said in *Donat* v. *Dillon, supra*: ''Assuming, therefore, that the defendant had the right of way, he was required to proceed across the intersection in a careful and prudent manner, ever watchful of the direction in which danger was most likely to be apprehended.'' ■ In *Allin* v. *Snavely, supra*, this court remarked: ''Under traffic conditions prevailing upon the highways of California ordinary care frequently requires the operator of an automobile who has the right of way to yield in order to avoid disastrous consequences although he may have entered an intersection first and therefore legally be entitled to the right of way. It may be negligence as a matter of fact for him to proceed into the path of a fast moving car.'' It is thus clear that factual questions were presented with respect to whether plaintiff, who had come to a stop in the intersection, was justified in turning into the path of a car which was traveling at least 25 miles an hour under the circumstances prevailing at the intersection. Whether she exercised the requisite care under the conditions shown by the evidence was for the jury. As has been noted, there is substantial evidence to support its verdict.

■ Plaintiff claims that the court erred in refusing to give certain instructions she requested. The first relates

to section 529, subdivision (b) of the Vehicle Code, which provides:

"The driver of a motor vehicle may overtake and pass another vehicle upon the right only under conditions permitting such movement in safety. In no event shall such movement be made by driving off *the paved or main traveled portion of the roadway.*" (Emphasis added.) The court read only the first sentence thereof. Plaintiff assigns as error the court's omission of the second sentence. The part deleted did not apply to the facts adduced. The evidence showed that the road area upon which defendant was driving was both paved and traveled on, and at no time did he drive off such portion of the roadway while overtaking or passing another vehicle.

■ Plaintiff complains of the refusal to give the following instruction (Veh. Code, § 526): "Whenever any roadway has been divided into three or more clearly marked lanes for traffic, the following rules in addition to all others consistent herewith shall apply: (a) A vehicle shall be driven as nearly as practical entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety." It will be observed that this section applies where a roadway "has been divided into three or more clearly marked lanes for traffic." Exhibit 1 shows that there was only one highway lane marked west of the traffic barrier on the southbound side of Lakewood Boulevard. Nonetheless, the rule announced in section 526 was amply covered by the court's instruction that "the driver of a motor vehicle may overtake and pass another upon the right only under conditions permitting such movements in safety" and its further instruction that "no person shall turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety." The essence of plaintiff's instructions having been incorporated in these instructions, no prejudice attaches from the failure to give another instruction to the same effect couched in different language. (*Duff* v. *Schaefer Ambulance Service, Inc.,* 132 Cal.App.2d 655, 679 [283 P.2d 91].)

■ Equally without merit is the claim that the court's refusal to give plaintiff's instructions 38 to 41 was prejudicially erroneous. Instruction 38 reads: "Whenever a driver of a motor vehicle observes that vehicles traveling in the same direction as he is have stopped at an intersection,

such driver of a motor vehicle shall not overtake and pass the vehicle stopped at the intersection." This is clearly an erroneous statement of the law. Taken literally, this instruction would tell the jury that even if a vehicle was stopped at an intersection because of motor trouble, it could not be overtaken and passed, which is preposterous on its face. ▮ Instruction 41 reads: "Whenever any vehicle has stopped at an intersection to yield the right of way to another, the driver of any other vehicle approaching from the rear shall not overtake and pass such stopped vehicle." This is patently an incomplete, inaccurate and misleading statement, since it fails to take into consideration how close to the intersection the vehicle approaching from the rear may be. There exists no requirement of an absolute and unqualified duty not to pass such stopped vehicle, as the instruction suggests. On the contrary, as applicable to the facts of this case, section 551 states that the driver of a motor vehicle may overtake and pass a vehicle on the right on the type of street here involved if such movement can be done in safety. Since plaintiff's instruction purports to lay down a categoric rule nowhere to be found in the Vehicle Code and inconsistent with provisions thereof, it was properly refused.

Instruction Number 40[1] was obnoxious as a formula instruction of the character frequently criticized by appellate courts and was properly refused. In *Taha* v. *Finegold,* 81 Cal.App.2d 536, 543 [184 P.2d 533], the court stated: "Formula instructions should not be given. As said in *Tice* v. *Pacific Elec. Ry. Co.,* 36 Cal.App.2d 66, 71 [96 P.2d 1022, 97 P.2d 844], formula instructions 'are not calculated best to serve most successfully the administration of justice. Their final disappearance will improve the conduct of court trial.'" In an ordinary negligence action such as here confronts us, the basic question is whether or not the parties exercised the degree of care of a reasonably prudent man under similar circumstances and the jury was properly instructed on the principles of law applicable under the evidence to this phase of the case.

---

[1] Instruction Number 40 reads: "In determining the question of whether or not the defendant was negligent in colliding with the plaintiff's automobile you should take into consideration whether a reasonable and prudent person would have entered the intersection involved herein, pass two lanes of traffic which had stopped to permit the plaintiff to make her left-hand turn. In the event you find that a reasonable and prudent person would not have over-taken and passed the two lanes of stopped traffic under the circumstances then and there existing, then you must find that the defendant was negligent."

■ It is improper to single out certain testimonial facts and instruct the jury that they spell negligence if a prudent man would not have so conducted himself. The vice in any such instruction is that it unduly emphasizes one portion of the evidence, puts the court in the position of making an argument to the jury, and misleads the jury into thinking that because the court has specifically mentioned certain testimonial facts they are of undue importance or that the court believed them to be true. (*Estate of Clark,* 180 Cal. 395, 398-399 [181 P. 639]; *Kalfus* v. *Fraze,* 136 Cal.App.2d 415 [288 P.2d 967]; *Roy* v. *Mission Taxi Co.,* 101 Cal.App.2d 438, 446 [225 P.2d 920]; *Hamlet* v. *Hook,* 106 Cal.App.2d 791, 795 [236 P.2d 196].) Instruction Number 39 was likewise vulnerable to the criticism last stated, as an attempt to push out and stress specific parts of the evidence in violation of the established rules that instructions should not focus the jury's attention on particular items of evidence and that it is proper to reject instructions which overemphasize and make unduly prominent selected portions of the evidence. (*Kalfus* v. *Fraze, supra; Dodge* v. *San Diego Elec. Ry. Co.,* 92 Cal. App.2d 759, 764 [208 P.2d 37]; *Davis* v. *City & County of San Francisco,* 45 Cal.App.2d 443, 446 [114 P.2d 359].)

■ The court failed to give the following instructions requested by plaintiff:

(1) "A driver of a motor vehicle who is obeying the law has a right to presume that other persons operating motor vehicles upon the highway will perform their duty and obey the law, and a failure to anticipate negligence or violation of law on the part of others is not an act of contributory negligence." Plaintiff's complaint on this score is captious since this was clearly covered by the giving of BAJI Number 138, which reads in part: "A person who, himself, or herself, is exercising ordinary care has a right to assume that others, too, will perform their duty under the law, and he or she has a further right to rely and act on that assumption. Thus it is not negligence for such a person to fail to anticipate injury which can come to him or her only from a violation of law or duty by another."

■ (2) "A motorist having a right of way at an intersection has a right to proceed and to assume that the driver of any vehicle approaching will decrease its speeed if necessary to yield to her such right of way." This instruction was covered in substance by BAJI Number 138, previously quoted, and by the reading of section 551, subdivision (b) of the

Vehicle Code, which sets out the duty of the driver of an approaching vehicle to yield the right of way to a left-turning vehicle. Plaintiff was not entitled to another instruction to the same general effect in different language. (*Duff* v. *Schaefer Ambulance Service, Inc.*, 132 Cal.App.2d 655, 679 [283 P.2d 91].) Although the court did not phrase its instruction in the terms employed by plaintiff, in our opinion it sufficiently informed the jury of defendant's statutory obligation with respect to a left-turning driver having the right of way.

(3) "The plaintiff in making a left-hand turn at the intersection involved herein is not required to be certain of absolute safety before she turns and proceeds, she must use only such care as would be exercised by a reasonable and prudent person under similar circumstances." There was no necessity to give this instruction since the subject was adequately covered in the following instruction which the court gave on its own motion: "The words just quoted from the Vehicle Code, namely, that 'no person shall turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety,' do not mean that the driver of a motor vehicle, before making such a turn, must know that there is absolutely no possibility of accident. They mean that before starting to turn a vehicle on a public highway, and while making the turn, the driver of the vehicle must use such precaution as would satisfy a reasonably prudent person, acting under similar circumstances, that the turn can be made safely." This clearly told the jury plaintiff was only required to use reasonable care in making her left turn.

Plaintiff contends the court erred in giving at defendant's request an instruction on unavoidable accident, asserting there was no evidence to indicate the accident happened due to anything the driver could not control. That this contention cannot be maintained where it is a jury question whether defendant was negligent and whether such negligence was a proximate cause of the accident is well established. (*Carroll* v. *Beavers*, 126 Cal.App.2d 828, 839 [273 P.2d 56]; *Parker* v. *Womack*, 37 Cal.2d 116, 121-122 [230 P.2d 823]; *Sherrillo* v. *Stone & Webster Eng. Corp.*, 110 Cal. App.2d 785, 791 [244 P.2d 70].) The court was careful to obviate any misconception by clarifying the availability of this theory by instructing as follows: "Bearing in mind, however, that if the defendant or cross-defendant failed to exercise ordinary care, and if that failure was the proximate

cause of the accident in question, then, whether or not such conduct was the sole cause, the accident was not unavoidable and the defense of unavoidability may not be maintained by the defendant or cross-defendant.''

The court gave the jury the standard instruction on imminent peril requested by defendant (BAJI 137), modified only by use of both the masculine and feminine of the third person singular pronoun, to make it applicable to both plaintiff and defendant. Plaintiff assigns error, contending there was no evidence to support such an instruction. Defendant testified plaintiff's car loomed up in front of him suddenly when he was about three car-lengths north of the front car stopped in Lane 2 and that he immediately applied his brakes as hard as he could. It is clear that it was defendant's theory that he was unexpectedly confronted with a dangerous situation when plaintiff suddenly appeared from in front of a stopped car. In this state of the evidence, an instruction on the doctrine of sudden peril was proper. (*Fischer* v. *Keen*, 43 Cal.App.2d 244, 251 [110 P.2d 693], and cases there cited.) In addition, the instruction could not have prejudiced plaintiff because it begins with the words: ''A person who, *without negligence on his part*, is suddenly and unexpectedly confronted with peril . . .'' (Emphasis added.) Defendant could benefit from such instruction only if his conduct at the time in question was not negligent. If defendant was negligent, the instruction would be inapplicable and could have done no harm. (*Folger* v. *Richfield Oil Corp.*, 80 Cal.App.2d 655, 665 [182 P.2d 337]; *Koon* v. *Sher*, 98 Cal.App.2d 530, 533 [220 P.2d 784].)

Plaintiff challenges the giving of BAJI 140.[2] The instruction is merely a commonplace observation, a truism within the ken of anyone qualified to serve as a juror. By its own phraseology, the instruction is applicable where there is ''evidence to the effect that one did look, but did not see what was in plain sight.'' At one point in her cross-examination, plaintiff testified that ''as I went by lane 3, I glanced at the lane 3 as I went by it.'' In answer to the next question,

_____

[2]BAJI No. 140 reads: ''General human experience justifies the inference that when one looks in the direction of an object clearly visible, he or she sees it, and that when he or she listens, he or she hears that which is clearly audible. When there is evidence to the effect that one did look, but did not see that which was in plain sight, or that he or she listened, but did not hear that which he or she could have heard in the exercise of ordinary care, it follows that either some part of such evidence is untrue or the person was negligently inattentive.''

she stated: "I didn't see anyone in that lane." Since defendant's car collided with her almost immediately thereafter, there was evidence from which the jury might infer either that had plaintiff actually been looking, defendant's vehicle would have been visible to her or that she was negligently inattentive. The instruction was responsive to the evidence in the case, to the issues tendered, and was correctly given. (*Rednall* v. *Thompson,* 108 Cal.App.2d 662, 666-667 [239 P.2d 693]; *Berlin* v. *Violett,* 129 Cal.App. 337, 340 [18 P.2d 737].)

Finally, plaintiff attacks the instruction embodying section 544, subdivisions (a) and (b) of the Vehicle Code. Section 544, subdivision (a), was necessarily given by the court to intelligently orient the jury on the responsibility of a driver executing a turning maneuver on a roadway. It was properly qualified by BAJI 142, to which reference has previously been made. Plaintiff urges that the reading of section 544, subdivision (b) pertaining to a signal of intention to turn was erroneous since it could in no way have been applicable to the accident here involved. While plaintiff's position seems to be well taken in this regard, we do not believe this single error resulted in any prejudice. In *Klinefelter* v. *Machen,* 100 Cal. App.2d 812, 814 [224 P.2d 877], where a similar argument was made with respect to section 544, subdivision (b), the court stated: "While to avoid any controversy that portion of the code section pertaining to signals might have been, and possibly should have been omitted, in view of section 4½ of article VI of the Constitution, we cannot say that the reading of the whole code section resulted in a miscarriage of justice." This statement applies with equal validity to the instant case. It is elementary that a reversal is not warranted unless it appears probable that a different result would have obtained but for the giving of the inapplicable instruction. (*Crooks* v. *White,* 107 Cal.App. 304, 312 [290 P. 497]; *Neilson* v. *Walker,* 105 Cal.App. 23, 27 [286 P. 1091]; *Lewis* v. *Western Truck Line,* 44 Cal.App.2d 455, 468 [112 P.2d 747].) We are satisfied that the error here was inconsequential and had no bearing on the ultimate outcome. Under such circumstances the judgment may not be disturbed.

The judgment is affirmed.

Moore, P. J., and Ashburn, J., concurred.