STATE OF HAWAII, plaintiff-appellee *v.*
VICTOR MARTIN and THEODORA MARTIN,
et al., defendants-appellants
*and*
VICTOR MARTIN, plaintiff-appellant, *v.*
STATE OF HAWAII, defendant-appellee

No. 5157

January 10, 1973

RICHARDSON, C.J., MARUMOTO, ABE,
LEVINSON, JJ., AND CIRCUIT JUDGE LUM
IN PLACE OF KOBAYASHI, J., DISQUALIFIED

OPINION OF THE COURT BY RICHARDSON, C.J.

This is an appeal from an eminent domain proceeding in which the State condemned beachfront property located next to the Kahului Airport in Sprecklesville, Maui. The property was condemned in order to provide land for the expansion of the airport. A jury trial was had, and a verdict was returned in the amount of $170,129 as the just compensation for the landowners, Victor Martin and Theodora Martin, appellants herein, who have moved for a new trial.

The appellants allege three specifications of error on appeal: (1) that the circuit court erred in permitting Norman N. Saito, a surveyor, to testify for the State that the condemned land had a useable area of 2.364 acres when the amended complaint filed by the State showed that the condemned land had an area of 2.71 acres; (2) that the circuit court erred in refusing to permit the appellants' expert witness, an appraiser, to testify regarding his use of the sale price of a certain parcel of property in Paia as a measure of the value of appellants' condemned property; and (3) that the circuit court erred in giving the jury an instruction concerning the credibility of the testimony given by one of the landowners as to the value of the subject property.

We affirm.

## I. NEED FOR AN AMENDED COMPLAINT

The State's Amended Complaint involved the condemnation of the entire property of the landowners, which was described as containing an area of 2.71 acres. In its answer to the counterclaim, the State attached a

survey description and map indicating that the land area involved contained only 2.364 acres. At trial the State explained that although it was condemning the entire 2.71 acres of property, the ocean had covered up part of the original land parcel. As the part of the property under water was of no value, the valuation of the entire parcel would involve only the value of the 2.364 acres left above water. It is clear that no amendment of the complaint was necessary and that the court did not err in allowing the surveyor to testify that the useable area of the condemned land measured only 2.364 acres.

## II. USE OF THE PAIA LAND SALE AS A COMPARABLE SALE FOR VALUATION PURPOSES

At issue in the trial was the market value that appellants' property would have had on April 22, 1970, if the operation of the Kahului Airport had continued at the level that existed in November, 1966, prior to the sustained use of the airport by commercial jet aircraft. In an attempt to demonstrate this value, appellants' expert witness, an appraiser, first gave his opinion as to the actual market value of the condemned land as of April 22, 1970, basing his opinion on comparable sales in the area. The appraiser then stated his belief that but for the noise from the use of the airport by commercial jet aircraft since late 1966, the value of appellants' land in 1970 would have been 15% greater. As support for this opinion, the appellants offered the appraiser's testimony with respect to a recent sale of land located in Paia, near Sprecklesville but not affected by the noise from Kahului Airport.

The court refused to admit the testimony regarding the Paia sale into evidence. The Paia land, unlike the subject property, had not been affected by airport activity prior to November, 1966. Therefore, reasoned the court, the 1970 sale price would be of only speculative worth in

establishing the market value that appellants' property would have had in April, 1970, if the airport activity had continued at the level that existed in November, 1966. Instead, sales of property situated closer to the airport were admitted as comparable sales.

It is well established that recent sales of similar real estate are admissible as evidence in condemnation cases, either as substantive proof of value of the property taken or in support of an expert's opinion as to value. 5 NICHOLS, THE LAW OF EMINENT DOMAIN, § 21.3 (rev. 3d ed. 1969) ; *see United States* v. *Johnson,* 285 F.2d 35, 40 (9th Cir. 1960) ; *International Paper Co.* v. *United States,* 227 F.2d 201, 208 (5th Cir. 1955) ; *United States* v. *5139.5 Acres of Land, Etc.,* 200 F.2d 659, 662 (4th Cir. 1952) . If such evidence is offered on the latter basis, as is the case herein, the foundation requirements to show similarity are less strict than when the evidence is used as direct and independent proof of value. *United States* v. *60.14 Acres of Land, Etc.,* 362 F.2d 660, 668 (1966) ; *United States* v. *Johnson, supra;* 5 NICHOLS, THE LAW OF EMINENT DOMAIN, § 18.42 (1) (rev. 3d ed. 1969) .

This court has taken the position that in a condemnation case such as this one, "any evidence which will aid the jury in fixing the fair market value of the property should be considered by them. Any competent evidence of matters, *not merely speculative,* which would be considered by a prospective vendor or purchaser or which tend to enhance or depreciate the value of the property taken is admissible." *Territory* v. *Adelmeyer,* 45 Haw. 144, 147-48, 363 P.2 979 (1961) (emphasis added) . In the instant case, the circuit court ruled that the evidence was of only speculative value and therefore inadmissible.

It is the rule in this jurisdiction that "the trial judge's determination as to admissibility or non-admissibility of . . . . evidence [of a comparable sale] will not be upset on appeal unless it is a clear abuse of discretion." *State* v. *Heirs of Kapahi,* 48 Haw. 101, 112-13, 395 P.2d 932

(1964). Upon an examination of the record of the instant case, we are satisfied that the exclusion by the circuit court judge of the evidence of the Paia sale did not constitute a clear abuse of discretion and thus is not reversible error.

## III. THE JURY INSTRUCTION

Appellants contend that the circuit court committed prejudicial error in giving an instruction that "single[d] out and emphasize[d] the credibility of testimony given by the landowner as to the value of his property." The following instruction No. 17 is complained of:

> You are instructed that under the laws of this State the landowner is a competent witness to give his opinion as to the value of his land. You may consider his testimony in connection with all the evidence in the case, taking into account his personal interest in the result of the suit; his experience or lack of it in the buying and selling of real estate; the reasonableness or unreasonableness of his statements and giving his testimony such weight and credit as you believe it to be entitled to from all the facts and circumstances.

Appellants contend that instruction No. 17 was unnecessary because the trial judge had already given instruction No. 10, a general instruction on the credibility of witnesses,[1] and that the instruction was of the type

---

[1] *Instruction No. 10:* As the exclusive judges of the credibility of the witnesses, of the weight of the evidence, and of the facts in this case, it is your exclusive right to determine from the appearance of a witness on the witness stand, his manner of testifying, his apparent candor or frankness, or lack thereof, which witness is more worthy of credit, and to give weight accordingly. In determining the weight to be given the testimony of a witness you are authorized to consider his interest, if any, in the result of this case, his temper, feeling or bias, if any has been shown, his demeanor on the witness stand, his means and opportunity of information, and the probability or improbability of the story told by him.

If you find and believe from the evidence that any witness in this

proscribed by this court in *Collins* v. *Shishido,* 48 Haw. 411, 405 P.2d 323 (1965), in that it unduly emphasized the testimony of one witness.

Appellants' reliance on *Collins* v. *Shishido* is misplaced. In *Collins* this court condemned an instruction wherein specific mention was made of a certain fact alleged to be true by the plaintiff. *Collins* v. *Shishido, supra* at 418, 405 P.2d at 328. Such instructions are improper for they tend to mislead the jury into thinking that because the court has specifically referred to certain testimonial facts, the court believes them to be true, *Tittle* v. *Hurlbutt,* 53 Haw. 526, 497 P.2d 1354, 1358 (1972); *Collins* v. *Shishido, supra; Powell* v. *Bartmess,* 139 Cal. App. 2d 394, 294 P.2d 150, 156 (1956). The instruction in question in the instant case did not single out or emphasize any testimonial facts; therefore, the *Collins* reasoning does not apply.

If any objection may be made to instruction No. 17, it is that it may have overlapped the more broadly worded instruction No. 10.[2]

As we stated in *Barretto* v. *Akau,* 51 Haw. 383, 399, 463 P.2d 917, 926 (1969), however, "[w]e do not want a trial judge to feel whipsawed by the obligation to give sufficient instructions and the opposing requirement not to give cumulative instructions . . . . If any policy is to be preferred, it is that of allowing adequate and thorough instructions to be given. Only in the rarest of cases will cumulative instructions be the basis for a new trial." This is not that rare case. The instruction may have been unnecessary and refusal to give it might have been proper, but an examination of the record of this case does not reflect that the giving of the instruction constituted reversible error.

case has exaggerated or suppressed any material fact or circumstance in this trial for the purpose of deceiving, misleading or imposing upon you, then you have a right to reject the testimony of such witness except insofar as the same is corroborated by other credible evidence or believed by you to be true.

[2]See footnote 1, *supra.*

Affirmed.

*William F. Crockett* (*Crockett & Crockett* of counsel) for defendants-appellants

*Johnson H. Wong* and *Arthur Goto,* Deputy Attorneys General (*George Pai,* Attorney General, with them on the brief) for plaintiff-appellee