COUNTY OF HAWAII, a municipal corporation, Plaintiff-Appellee, *v.* ANTON LEEB; GERTRUDE M. LEEB, Defendants-Appellants, FIRST HAWAIIAN BANK, a Hawaii corporation; and HAWAII THRIFT & LOAN, INC., a Hawaii corporation, Defendants

NO. 6404

OCTOBER 30, 1980

HAYASHI, C.J., PADGETT AND BURNS, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is a case in eminent domain. The question on appeal is whether the court below abused its discretion in striking the evidence as to alleged comparables 1 and 3 offered by one of appellant landowner's expert witnesses. We hold that there was no abuse of discretion in striking the alleged comparables as substantive evidence of the value of the condemned property but that it was an abuse of discretion to strike them as supportive evidence for the expert's opinion.

The valuation date of the property in question is September 5, 1974. The property was a triangular-shaped piece of land on Palani Road in Kailua, Kona, Hawaii, with a structure on it used for commercial purposes. The Appellee County of Hawaii was allowed to develop its appraisal testimony fully. However, after appellants' realtor appraiser Peter L. Crackel had testified as an expert, the court struck his alleged comparables 1 and 3 on the ground that he had not checked with the parties to the transaction or as to whether or not they were arm's length transactions. He testified that he had checked on the transactions with the Tax Office and with realtors with whom he had done business.

Appellee contends that the evidence as to those comparables was offered by appellant only as independent substantive evidence of value. Despite a finding to that effect in the Order

Denying Motion for New Trial prepared by appellee, it is obvious from the record that that is simply not the case. The testimony of the expert shows that they were used, at least to some degree, in forming his opinion as to the value of the condemned property.

Insofar as the two comparables were offered as substantive evidence of value, we see no abuse of discretion in striking them. Although the motion was made and granted on the sole basis that the appraiser had not checked with the parties as to the transactions to see if they were, among other things, voluntary, that fact, combined with the other differences as to time, shape, location, etc., made the transactions so dissimilar from appellants' property as of the date of condemnation that we cannot say the court would have abused its discretion had it ruled that the jury could not consider those transactions as independent substantive evidence of value.

On the other hand, when evidence is offered of other transactions as supportive of an expert's opinion, rather than as substantive evidence of value much less strict foundation requirements to show similarity are required. *State v. Kunimoto*, 62 Haw. 502, 617 P.2d 93 (1980); *State v. Martin*, 54 Haw. 167, 504 P.2d 1223 (1973); *State v. Dillingham Corp.*, 60 Haw. 393, 591 P.2d 1049 (1979). Our Supreme Court has pointed out repeatedly:

> Any evidence which will aid the jury in fixing the fair market value of the property should be considered by them. Any competent evidence of matter, not merely speculative, which would be considered by a prospective vendor or purchaser or which tend to enhance or appreciate the value of the property taken as admissible.

*State v. Kunimoto, supra; Territory v. Adelmeyer*, 45 Haw. 144, 363 P.2d 979 (1961), *see, also, City & County v. Bishop Trust Co.*, 48 Haw. 444, 404 P.2d 373 (1965).

The normal rule appears to be that there is a presumption that the price of land on a sale was fixed freely and was not under compulsion. 5 *Nichols on Eminent Domain*, 3d. ed., ¶ 21.32. *See also Dallas v. Anderson*, 570 S.W.2d 62 (Tex. Cir. App. 1978). Here the County offered nothing to show that the two transactions were, in any way, the result of force or

compulsion or were not arm's length free market transactions. There were dissimilarities between the alleged comparables and the property in question as we have noted. Such dissimilarities, however, are common, and expert appraisers take them into consideration and make adjustments for them in one way or another. *See, State v. Chang,* 50 Haw. 195, 436 P.2d 3 (1967); *City & County v. Bishop Trust Co., supra.* As the Supreme Court of this State has said in *City & County v. Bishop Trust Co., supra,* at 48 Haw. 469:

> Where one side fully develops how its expert witnesses made their appraisals, with testimony and charts setting forth every step of the process, including the figures used and the method of capitalization, and the other side is not permitted to do the same, the scales are thrown out of balance. This is precisely what occurred here. True, the City's expert did, in connection with the income approach which he also used, develop charts similar to those of the defendants' experts. But the scales were thrown out of balance because the comparative method was down-graded by the treatment accorded the testimony of the City's expert as to this part of his appraisal.

Again, later in the opinion, the Court stated at 471:

> Moreover, the better view is that, in exercising discretion as to comparability, the trial court, within reasonable limits, should give rein to the views of the expert witness on the stand, who has the properties sufficiently comparable, and should leave to cross-examination the points of dissimilarity, which of course will affect the weight of the opinion.

The trial court's action in striking the two comparables for all purposes based, as it was, on the sole reason that the expert did not check with the parties to the transaction, was a clear abuse of discretion if the evidence is considered solely as supportive of the expert's opinion.

Appellee argues, however, that the exclusion, if erroneous, was harmless since the expert did not place great weight upon the two transactions excluded. This, however, ignores the fact that he had already put them on a chart and had

testified and been cross-examined at length about them. Striking two of the transactions upon which he relied in his testimony cannot help but have a devastating affect upon the jury's consideration of the expert's value testimony. To say that the error was harmless is to ignore the realities of the situation.

The judgment below is reversed for further proceedings consistent with this opinion.

*Matthew T. Ihara (Stanley S. Mah* on the Reply Brief, *Sterry, Mah & Gallup* of counsel) for defendants-appellants.

*Stephen James Menezes (Stephen G. Bess* on the Answering Brief), Deputy Corporation Counsel, for plaintiff-appellee.